The STATE of Ohio, Appellee,

v.

WARD, Appellant.

[Cite as *State v. Ward*, 187 Ohio App.3d 384, 2010-Ohio-1794.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 23365.

Decided April 23, 2010.

Mathias H. Heck Jr., Montgomery County Prosecuting Attorney, and Johnna M. Shia, Assistant Prosecuting Attorney, for appellee.

Carlo C. McGinnis, for appellant.

---

DONOVAN, Presiding Judge.

{¶ 1} Defendant-appellant, Andreya J. Ward, appeals her conviction and sentence for one count of trafficking in heroin (amount exceeding 10 unit doses but less than 50 unit doses) in violation of R.C. 2925.03(A)(1), a felony of the third degree.

{¶ 2} On January 22, 2009, Ward was indicted for one count of trafficking in heroin. Ward was arraigned on February 5, 2009, stood mute, and the trial court entered a plea of not guilty on her behalf. Ward was also found to be indigent and unable to afford counsel. As a result, the trial court appointed counsel to represent her.

{¶ 3} On February 23, 2009, Ward pleaded guilty to the charged offense. The trial court accepted Ward's guilty plea and set the date for her sentencing as March 23, 2009. On that date, the trial court sentenced Ward to one year in prison, ordered her to pay a $5,000 fine, and suspended her driver's license for one year. Ward filed a timely notice of appeal with this court on April 2, 2009.

I

{¶ 4} Because they are interrelated, Ward's first and second assignments of error will be discussed together as follows:

{¶ 5} "The trial court erred by finding without a hearing that defendant could reasonably pay the mandatory fine under O.R.C. 2929.18."

{¶ 6} "Defendant's trial counsel was ineffective as it relates to the filing of an affidavit of indigency prior to sentencing."

{¶ 7} In her first assignment, Ward contends that the trial court did not have before it sufficiently reliable evidence to properly determine whether she could reasonably pay the mandatory fine imposed by the court. Thus, Ward argues that the trial court erred by failing to hold a hearing pursuant to R.C. 2929.18(E) before ordering Ward to pay the mandatory fine of $5,000.

{¶ 8} During the sentencing hearing, the following exchange occurred between the court, defense counsel, and Ward:

{¶ 9} "Defense Counsel: Yes, Your Honor. I didn't get an opportunity to speak to probation so I would like to take this opportunity to speak on her [Ward's] behalf.

{¶ 10} "The Court: Sure, go ahead.

{¶ 11} "Defense Counsel: Ms. Ward has been on—has had one previous felony back in '03. At that time she was put on community control and there was some issues with payment because she was lack of payment [sic] she got picked up but then that was paid off and she successfully completed probation within two years. So currently she is not working. She was going through a temp agency but now with the felony they said that she's not even—with it being a theft she's not available for clerical or any other position. So since last June she's been, you know, actively trying to seek work on her own. She is the sole provider for a nine year old and a two year old child.

{¶ 12} "The Court: * * * In addition, ma'am, with regard to the mandatory fine, ma'am, do you have any assets from which you could pay the mandatory fine?

{¶ 13} "Ward: (Shakes head.)

{¶ 15} "Ward: (Shakes head.)

{¶ 16} "The Court: Ma'am, you are 27 years old, is that correct?

{¶ 17} "Ward: Yes.

{¶ 18} "The Court: Have you ever been employed?

{¶ 19} "Ward: Yes.

{¶ 20} "The Court: Do you have any physical—is there any physical reason why you couldn't be employed in the future?

{¶ 21} "Ward: I have a little back problem.

{¶ 22} "The Court: What kind of back problems?

{¶ 23} "Ward: I got a slipped disk.

{¶ 24} "The Court: Has any physician ever told you that you can't work as a result of that?

{¶ 25} "Ward: No.

{¶ 26} "The Court: Ma'am, as a result then I'm going to find that you can pay the mandatory fine in the future. And that while you've indicated that you're indigent that you could pay that fine. I'm going to impose the minimum mandatory fine of $5,000.00. I'm going to suspend your driver's license for one

year and order that you pay court costs as ordered by the—as determined by the clerk of courts."

{¶ 27} R.C. 2929.19(B)(6) requires the trial court to consider defendant's present and future ability to pay before imposing any financial sanction under R.C. 2929.18. In *State v. Felder*, Montgomery App. No. 21076, 2006-Ohio-2330, 2006 WL 1284421, this court stated:

{¶ 28} "A hearing on a defendant's ability to pay is not mandated, though the trial court may hold a hearing if necessary to determine the issue. R.C. 2929.18(E). Neither is the court obligated to make any express findings on the record regarding a defendant's ability to pay a financial sanction, although in our opinion that is clearly the better practice. *State v. Ayers* (Jan. 7, 2005), Greene App.No.2004CA0034, 2005-Ohio-44 [2005 WL 32801]. All that is required is that the trial court 'consider' a defendant's ability to pay. Id."

{¶ 29} After a thorough review of the transcript of the sentencing hearing, we find that the trial court erred when it failed to hold a hearing pursuant to R.C. 2929.18(E) before ordering Ward to pay the mandatory fine. The sparse evidence adduced at the sentencing hearing tended to establish that, at best, Ward would have a great deal of difficulty in attempting to pay the $5,000 fine. Specifically, the facts elicited at the sentencing hearing established that Ward was unemployed and was unable to find work through a temp agency she had used in the past, she had no assets from which she could pay the mandatory fine, she was the sole provider for her two minor children, aged nine and two, and she had sustained a back injury that potentially limited her ability to work. In light of the assertions made by Ward and her counsel, we find that it was necessary for the court to hold a hearing pursuant to R.C. 2929.18(E) so that additional evidence could have been presented by Ward, as well as the state, thus providing the court with a sufficient basis upon which to determine whether Ward could reasonably pay the mandatory fine.

{¶ 30} Ward additionally complains that she received ineffective assistance when her counsel failed to file an affidavit of indigency pursuant to R.C. 2929.18(B)(1) on her behalf prior to sentencing in order to avoid payment of any fines. The record establishes that defense counsel informed the court at the beginning of the sentencing hearing that although Ward had filled out an affidavit of indigency pursuant to R.C. 2929.18(B)(1), defense counsel had not yet filed the document. Moreover, there is no indication from the transcript of the sentencing hearing that defense counsel filed the affidavit at time of the sentencing hearing.[1]

---

1. The record establishes that on April 15, 2009, defense counsel filed a motion with the trial court for waiver of the mandatory fine. Attached to the motion for waiver was Ward's affidavit of indigency. Defense counsel subsequently sought to withdraw the motion for

{¶ 31} R.C. 2929.18(B)(1) provides:

{¶ 32} "For a first, second, or third degree felony violation of any provision of Chapter 2925., 3719., or 4729. of the Revised Code, the sentencing court shall impose upon the offender a mandatory fine of at least one-half of, but not more than, the maximum statutory fine amount authorized for the level of the offense pursuant to division (A)(3) of this section. *If an offender alleges in an affidavit filed with the court prior to sentencing that the offender is indigent and unable to pay the mandatory fine and if the court determines the offender is an indigent person and is unable to pay the mandatory fine described in this division, the court shall not impose the mandatory fine upon the offender.*" (Emphasis added.)

{¶ 33} As we recently stated in *State v. Howard,* Montgomery App. No. 21678, 2007-Ohio-3582, 2007 WL 2019662, at ¶ 15:

{¶ 34} "A claim of ineffective assistance of counsel is reviewed under the two-part test provided in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. To prevail on a claim of ineffective assistance of counsel, a defendant must show that counsel's representation fell below an objective standard of reasonableness and that, but for counsel's unprofessional errors, the result of the trial or proceeding would have been different. *State v. Sheffield,* Montgomery App. No. 20029, 2004-Ohio-3099 [2004 WL 1351161], at ¶ 5. Moreover, '[t]he failure to file an affidavit of indigency prior to sentencing may constitute ineffective assistance of counsel if the record shows a reasonable probability that the trial court would have found Defendant indigent and relieved him of the obligation to pay the fine had the affidavit been filed.' Id."

{¶ 35} Ward and her counsel made numerous assertions at the sentencing hearing regarding Ward's inability to pay the mandatory fine. Specifically, evidence was presented that Ward was unemployed and unable to find work, she had no assets from which she could pay the mandatory fine, she was the sole provider for her two minor children, and she had sustained a back injury which potentially limited her ability to work. Accordingly, we find that a reasonable probability exists that the trial court would have found Ward indigent if her trial counsel had filed an affidavit of indigency prior to sentencing. Thus, Ward has demonstrated ineffective assistance of counsel.

{¶ 36} Ward's first and second assignments of error are sustained.

---

waiver on May 1, 2009. This filing was of no effect, however, on the issue pending before this Court.

## II

{¶ 37} Ward's third and final assignment of error is as follows:

{¶ 38} "As a result of misinformation, the trial court erred in sentencing to defendant's prejudice, with respect to the commission of more than one heroin trafficking transaction, and with respect to the termination entry imposing a mandatory term of one (1) year imprisonment."

{¶ 39} In her final assignment of error, Ward argues that the trial court incorrectly imposed a one-year prison sentence when it considered evidence that she had been involved in drug sales on more than one occasion despite the fact that Ward was charged with only one count of trafficking in heroin. Ward also contends that the trial court erred when it filed a termination entry that incorrectly stated that Ward was subject to a *mandatory* term of one year's imprisonment, when the statute that she was convicted under carried only the *presumption* of a prison term for the offense.

{¶ 40} Ward was convicted of one count of trafficking in heroin in amount exceeding 10 unit doses but less than 50 unit doses in violation of R.C. 2925.03(A)(1), a felony of the third degree. Thus, Ward was sentenced pursuant to R.C. 2925.03(C)(6)(c), which states that "if the amount of drug involved equals or exceeds ten unit doses but is less than fifty unit doses * * * and if the offense was committed in the vicinity of a school or in the vicinity of a juvenile, trafficking in heroin is a felony of the third degree, and there is a presumption for a prison term for the offense." At the sentencing hearing, the court informed Ward that since her offense was a third-degree felony there was a presumption that she would serve a one–, two–, three–, four–, or five-year sentence.

{¶ 41} Before ultimately sentencing Ward to one year in prison, the trial court stated that it had reviewed her presentence-investigation report ("PSI") and incorporated its facts into the record. The court also stated, "[I]t appears that you [Ward] were dealing in heroin, trafficking in heroin I should say. And it was more than one occasion that this—that these issues occurred. There was a confidential informant involved."

{¶ 42} Essentially, the court found after reviewing the PSI that although Ward had been charged with only one count of trafficking heroin, she had been involved in other drug sales before she was arrested. The PSI report indicates that the Moraine Police Department engaged in a series of drug buys over a short period of time involving three suspects, one of which was Ward. The PSI also indicates that another defendant stated that she had bought heroin approximately 200 times from a person named Mo, later identified as Ward's brother. Ward was also identified as the person who had delivered the heroin to various locations for Mo. Lastly, Ward admitted to police that she had sold drugs for her son's father

under duress. In light of the aforementioned facts, the trial court did not err when it considered the additional information in the PSI regarding Ward's involvement in other drug activity when determining the length of her sentence.

{¶ 43} As a final matter, we note that the termination entry filed by the trial court on March 25, 2009, incorrectly states that Ward was sentenced to a one-year *mandatory* term of imprisonment. The trial court, however, attempted to correct its mistake when it filed a nunc pro tunc entry on October 20, 2009, in which the term "mandatory" was removed from the revised termination entry.

{¶ 44} It is generally accepted that when an appeal is taken from the ruling of the trial court, the latter court is divested of jurisdiction to take any action inconsistent with the authority of the appellate court to review the appealed judgment (e.g., an order vacating or modifying the appealed judgment). *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas* (1978), 55 Ohio St.2d 94, 97, 9 O.O.3d 88, 378 N.E.2d 162. "Where the inferior court is without jurisdiction whatsoever to act, the availability or the adequacy of a remedy of appeal to prevent the resulting harm is immaterial to the exercise of the supervisory jurisdiction by a superior court to prevent usurpation of jurisdiction by the inferior court." Id. at 98, 9 O.O.3d 88, 378 N.E.2d 162, citing *State ex rel. Adams v. Gusweiler* (1972), 30 Ohio St.2d 326, 329, 59 O.O.2d 387, 285 N.E.2d 22.

{¶ 45} Clearly, Ward assigned as error in this appeal the trial court's mistaken inclusion of the word "mandatory" in the termination entry to describe the nature of her sentence. Simply put, the trial court was divested of jurisdiction to correct this mistake since Ward raised it on appeal. Since the court had no jurisdiction to address an error assigned on appeal, the court's attempt to correct its mistake with the nunc pro tunc entry filed on October 20, 2009, is a nullity. We find that the trial court erred when it filed a termination entry that stated that Ward was subject to a *mandatory* term of imprisonment for the charged offense on March 25, 2009.

{¶ 46} Ward's third and final assignment of error is overruled in part and sustained in part.

### III

{¶ 47} Ward's first and second assignments of error having been sustained, the judgment of the trial court is reversed and this matter is remanded to the trial court for a hearing pursuant to R.C. 2929.18(E) in order to determine whether Ward is indigent for the purpose of avoiding the mandatory fine imposed by statute. Ward's third assignment of error having been sustained in part, this matter is remanded to the trial court with instructions to journalize a termination

entry containing the correct sentence of one year, absent the "mandatory" language.

Judgment reversed
and cause remanded.

FAIN and GRADY, JJ., concur.

GRADY, Judge, concurring.

{¶ 48} The trial court is required by R.C. 2929.19(B)(6) to consider a defendant's present and future ability to pay the fine mandated by R.C. 2929.18(B)(1) before imposing the fine, and the record demonstrates that the court did that. The court had no duty to conduct the hearing that R.C. 2929.18(E) permits, absent the affidavit contemplated by R.C. 2929.18(B)(1) representing that defendant is indigent and therefore unable to pay the fine. Because no affidavit was filed, I would overrule the first assignment of error.

{¶ 49} Defendant's counsel advised the court that he had prepared the necessary affidavit but neglected to file it. That failure constitutes conduct that falls below an objective standard of reasonable representation. Further, the record affirmatively demonstrates a *reasonable probability* that but for counsel's error, a hearing would have been held to determine whether defendant is unable to pay the fine and that the outcome of that hearing would have produced a different result with respect to the fine that was imposed. Ineffective assistance of counsel is therefore demonstrated. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373. I would sustain defendant's second assignment of error for that reason.

{¶ 50} The third assignment of error presents an interesting issue. The trial court's statement in its judgment of conviction and sentence that the one-year term of imprisonment it imposed is "mandatory" was a clerical mistake, which is subject to correction pursuant to Civ.R. 60(A). That rule states: "During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court." An appeal is docketed when the clerk of the court of appeals, upon receipt of the notice of appeal, entered the appeal on the docket. App.R. 11(A).

{¶ 51} This appeal was docketed by the clerk on April 30, 2009. No leave had been obtained from this court permitting the trial court to correct the clerical mistake in its judgment which the court ordered, nunc pro tunc, on October 20, 2009. Therefore, the trial court erred when it granted that relief. The error is a product of the lack of jurisdiction discussed in *State ex rel. Prosecutors v. Judges*,

*Court of Common Pleas* (1978), 55 Ohio St.2d 94, 9 O.O.3d 88, 378 N.E.2d 162. However, a careful reading of the opinion of the Supreme Court in that case shows that the rule of law on which the case was decided was the law-of-the-case doctrine, which is considered to be a rule of practice rather than a rule of substantive law. *Gohman v. St. Bernard* (1924), 111 Ohio St. 726, 146 N.E. 291; *Thatcher v. Sowards* (2001), 143 Ohio App.3d 137, 757 N.E.2d 805.