[Cite as *State v. Benjamin*, 2020-Ohio-3.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                                     No. 108803

    v.                                      :

TOMARIO BENJAMIN,                       :

    Defendant-Appellant.         :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** VACATED AND REMANDED
**RELEASED AND JOURNALIZED:** January 2, 2020

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-18-631029-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Aqueelah A. Jordan, Assistant Prosecuting Attorney, *for appellee.*

Thomas A. Rein, *for appellant.*

EILEEN A. GALLAGHER, J.:

{¶ 1} Defendant-appellant Tomario Benjamin is before this court to appeal his convictions entered in the Cuyahoga County Court of Common Pleas.

{¶ 2} Benjamin was charged with multiple counts of rape, kidnapping, pandering sexually oriented material involving a minor, gross sexual imposition and

assault. On June 18, 2019, with counsel, Benjamin pleaded guilty to a total of 19 counts with an agreed sentencing range of 18 to 25 years in prison. The matter was continued.

{¶ 3} On July 1, 2019, Benjamin appeared for sentencing with counsel. Prior to imposing sentence the trial court was advised by the state that "there's a new sentencing range," and that as a result "we need to put the plea on the record again, and he needs to enter a plea of guilty based on that new range."

{¶ 4} The trial court reviewed the charges, outlined the new sentencing range and reviewed Benjamin's Crim.R. 11 rights. Benjamin did not thereafter enter a plea, guilty or otherwise. The court nevertheless imposed an aggregate sentence of 27 years in prison, including consecutive sentences on seven counts.

{¶ 5} Benjamin has raised two assignments of error:

I. Appellant's convictions must be vacated as he did not himself plead guilty at the new plea hearing on July 1, 2019.

II. The trial court erred by ordering Appellant to serve a consecutive sentence without making the appropriate findings required by R.C. 2929.14 and HB 86.

{¶ 6} The state has conceded the error.

{¶ 7} Review of the record indicates that after Benjamin pleaded guilty on June 18, 2019, he was exposed to a different range of potential penalties. At the July 1, 2019 hearing the court addressed Benjamin:

Mr. Benjamin, do you understand that we took the plea last week, and I know the sentencing range at that time was, I think 24 [sic] years to — 18 to 24 [sic] years, alright? Now, in speaking with your attorneys and the prosecutor's office, * * * the sentencing range has been changed from 13 to 30 years, do you understand that?

**{¶ 8}** Nevertheless, the trial court did not vacate Benjamin's June 18 guilty plea and it did not accept a new plea in contemplation of the amended charges against him and new range of potential penalties.

**{¶ 9}** Accordingly, we vacate Benjamin's sentence and convictions and remand the case to the trial court for further proceedings consistent with this opinion.

**{¶ 10}** Our resolution of the first assignment of error renders the second assignment of error moot. *See* App.R. 12(A)(1)(c).

**{¶ 11}** Judgment vacated and remanded.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry out this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

EILEEN A. GALLAGHER, JUDGE

MARY J. BOYLE, P.J., and
PATRICIA ANN BLACKMON, J., CONCUR