[Cite as *State v. Chislton*, 2021-Ohio-697.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                                No. 108840

    v.                                   :

DAVID B. CHISLTON,                      :

    Defendant-Appellant.         :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** VACATED IN PART AND REMANDED
**RELEASED AND JOURNALIZED:** March 11, 2021

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-17-616383-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Jeffrey Schnatter, Assistant Prosecuting
Attorney, *for appellee.*

Cullen Sweeney, Cuyahoga County Public Defender, and
Francis Cavallo, Assistant Public Defender, *for appellant.*

LISA B. FORBES, J.:

{¶ 1} David B. Chislton ("Chislton") appeals his guilty plea to various

felonies and associated 47-year prison sentence. After reviewing the facts of the case

and pertinent law, we vacate the trial court's judgment in part and remand this case to the trial court for further proceedings consistent with this opinion.

## I. Facts and Procedural History

{¶ 2} On April 27, 2017, Chislton was indicted for 83 offenses related to a fire he started at his apartment building in Warrensville Heights on April 10, 2017. On January 10, 2019, at a hearing in open court ("the Plea Hearing"), Chislton entered guilty pleas to 14 of these counts, along with various specifications. The court issued a journal entry on January 12, 2019, attempting to memorialize Chislton's plea. However, certain aspects of this journal entry were inconsistent with what occurred at the Plea Hearing. For example, the January 12, 2019 journal entry states that Chislton entered a guilty plea to Counts 6 and 68, when, in fact, he did not plead guilty to either of these two counts at the Plea Hearing.

{¶ 3} The state filed an unopposed "motion to correct the record" pursuant to Crim.R. 36 on February 12, 2019. In that motion, the state explained that at the Plea Hearing, it had intended to amend Count 4 and dismiss Count 5 and requested that the court "issue a corrected journal entry dismissing count five and amending Count four." The state's motion made no reference to the discrepancies between what occurred at the Plea Hearing and what the journal entry stated regarding Counts 6 and 68.

{¶ 4} The court granted the state's motion on February 15, 2019, and issued a nunc pro tunc order attempting to "correct the record." This journal entry states, in part, that "the state amends Count 4 in the exact same way as Count 5 was

amended.  Count 4 is amended to felonious assault 2903.11(A)(1) * * *.  The state dismisses Count 5."

{¶ 5}  On February 19, 2019, Chislton and his counsel were present in the court when the court sentenced Chislton to 47 years in prison as follows:  six years each on Counts 1, 4, 6, and 8 to run concurrent to one another; eight years on Count 10, plus four and one-half years for the firearm specification; ten years on Count 11; three years on Count 13, plus four and one-half years for the firearm specification; ten years each on Counts 18-22 to run concurrent to one another and to eight years on Count 68; and one year on Count 83.  Unless noted otherwise, the court ordered Chislton's prison terms to run consecutively.

{¶ 6}  The February 19, 2019 sentencing order is not consistent with the Plea Hearing.  For example, Chislton did not plead guilty to Counts 4, 6, or 68 at the Plea Hearing, despite the court imposing a sentence on each of these counts.  He did plead guilty to other counts, such as Counts 3, 5, and 61, on which no sentence was imposed.

{¶ 7}  Chislton filed a notice of appeal on July 15, 2019.  Sua sponte, this court dismissed the appeal on March 10, 2020, for lack of a final appealable order, finding the following:

> The sentencing entry and transcript of the plea and sentencing reflect a number of irregularities: 1) appellant plead guilty to count 5 but was not sentenced on that count (TR. 85); 2) appellant did not plead guilty to count 4 but was sentenced on that count (TR. 112); 3) appellant plead guilty to count 61 but was not sentenced on that count (TR.93); 4) appellant did not plead guilty to count 68 but was sentenced on that count (TR. 113); 5) appellant plead guilty to count 3 but was not

sentenced on that count (TR. 85); 6) appellant plead guilty to a notice of prior conviction related to count 6 but did not plead guilty to the base charge in count 6 (TR. 86).

**{¶ 8}** On July 20, 2020, the trial court issued a second nunc pro tunc entry that granted a joint motion to correct the record and stated in part as follows:

The record is therefore hereby corrected at this time by agreement of the parties and pursuant to Criminal Rule 36 to reflect a plea to Count six, rather than Count three * * * .

Motion by the state of Ohio to dismiss Count 61 without prejudice is hereby granted.

The court's new sentencing journal entry will not reflect a sentence on Count 68.

**{¶ 9}** On August 5, 2020, the trial court issued a journal entry, which purported to resentence Chislton as follows: six years in prison for Counts 1, 4, 6, and 8, to run concurrently; eight years in prison for Count 10; ten years in prison for Count 11; three years in prison for Count 13; ten years in prison for each of Counts 18-22, to run concurrently; one year in prison for Count 83; and nine years in prison for the merged firearm specifications. The court ran these prison terms consecutively, other than where noted.

**{¶ 10}** Neither the July 20, 2020 nor the August 5, 2020 journal entry reflects what happened at the Plea Hearing. For example, as discussed, Chislton did not plead guilty in open court to Counts 4 or 6. Nevertheless, the August 5, 2020 journal entry states in part as follows: "On a former day of court the defendant plead [sic] guilty to felonious assault 2903.11A(1) [sic] F2 as charged in count(s) 4 of the indictment. On a former day of court the defendant plead [sic] guilty to felonious

assault 2903.11A(1) F2 with notice of prior conviction specification(s) as charged in Count(s) 6 of the indictment." The August 5, 2020 journal entry goes on to sentence Chislton on Counts 4 and 6, in addition to sentencing Chislton on numerous other counts.

{¶ 11} This court reinstated Chislton's appeal on August 17, 2020. The next day, August 18, 2020, this court sua sponte ordered Chislton to "show cause regarding the existence of a final appealable order in this case consistent with *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, *State v. Baker*, 2008-Ohio-3330, 893 N.E.2d 163."

{¶ 12} On December 30, 2020, this court issued another journal entry noting that the trial court's August 5, 2020 journal entry does not reflect what happened at the Plea Hearing and the February 19, 2019 sentencing hearing. This Court ordered the parties to address whether the trial court's August 5, 2020 journal entry amounts to plain error, and if so, the proper disposition of this case.

{¶ 13} The parties briefed the final appealable order and plain error issues. We find the plain error issue, rather than the final appealable order issue, dispositive and decline to address Chislton's assignments of error.[1]

---

[1] Chislton's assignments of error are:
"I. The trial court erred in accepting Mr. Chislton's plea by failing to consider or address his medication compliance and its impact on his ability to make a knowing, voluntary and intelligent waiver in violation of his fundamental right to due process."
"II. The trial court erred when it ordered consecutive sentences without support in the record for the requisite statutory findings under R.C. 2929.11, 2929.12 and 2929.14."

## II. Law and Analysis

{¶ 14} Pursuant to Crim.R. 52(B), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."

> By its very terms, the rule places three limitations on a reviewing court's decision to correct an error despite the absence of a timely objection at trial. First, there must be an error, i.e., a deviation from a legal rule. Second, the error must be plain. To be "plain" within the meaning of Crim.R. 52(B), an error must be an "obvious" defect in the trial proceedings. Third, the error must have affected "substantial rights." We have interpreted this aspect of the rule to mean that the trial court's error must have affected the outcome of the trial.

(Citations omitted.) *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002).

{¶ 15} Under Crim.R. 36, "[c]lerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time." A nunc pro tunc entry "is a vehicle used to correct an order issued which fails to reflect the trial court's true action." *State v. Hodges*, 1st Dist. Hamilton No. C-990516, 2001 Ohio App. LEXIS 2729 (June 22, 2001). Although a court possesses authority to correct errors in judgment entries so that the record speaks the truth, "nunc pro tunc entries are limited in proper use to reflecting what the court actually decided, not what the court might or should have decided or what the court intended to decide." *State ex rel. Fogle v. Steiner*, 74 Ohio St.3d 158, 164, 656 N.E.2d 1288 (1995).

{¶ 16} Additionally, "[i]f any difference arises as to whether the record truly discloses what occurred in the trial court, the difference shall be submitted to and settled by the trial court and the record made to conform to the truth." App.R. 9(E).

{¶ 17} First, we determine if the court erred. There is no confusion as to whether the journal entries truly disclose what occurred in open court at the Plea Hearing. They do not. What occurred in open court at the Plea Hearing is not reflected in any of the court's journal entries.

{¶ 18} The trial court attempted to "correct the record" with nunc pro tunc orders. However, a nunc pro tunc entry may be used only to reflect what actually happened. A nunc pro tunc entry may not be used to "change, modify, or correct erroneous judgments * * *." *State v. Wright*, 8th Dist. Cuyahoga No. 107213, 2019-Ohio-1361, ¶ 18. In *Wright*, the trial court issued a nunc pro tunc entry, attempting to modify the defendant's sentences from concurrent to consecutive even though, at the sentencing hearing, the judge had not informed the defendant that his sentences would run consecutively. In doing so, "the trial court stated that because it was her 'intention' to impose consecutive sentences at the initial sentencing, she wanted to 'clarify her intention for the record' and 'correct the journal entries.'" *Id.* This court reversed the trial court's modification, holding that "[t]hat is not the purpose of a nunc pro tunc entry." *Id.*

{¶ 19} In the instant case, the parties agree that what actually occurred at the Plea Hearing is not what either party intended. In addition, what actually occurred at the Plea Hearing is not reflected in any of the journal entries. Therefore, we conclude that error occurred.

{¶ 20} Second, we consider whether this error was plain or obvious. The state argues that "[f]or an error to be deemed obvious there must be binding

precedent deciding the issue," citing *Barnes*, 94 Ohio St.3d at 27, 759 N.E.2d 1240. There is abundant authority that a nunc pro tunc entry, which is the "tool utilized to correct" the record under Crim.R. 36, is "restricted ordinarily to the subsequent recording of judicial action previously and actually taken. It is a simple device by which a court may make its journal entry speak the truth." *Natnl. Life Ins. Co. v. Kohn*, 133 Ohio St.111, 113, 11 N.E.2d 1020 (1937).

{¶ 21} As stated previously, Ohio case law holds that the court may not use a nunc pro tunc entry to reflect what the parties intended or understood was occurring. *See Pepera v. Pepera*, 8th Dist. Cuyahoga Nos. 51989 and 52024, 1987 Ohio App. LEXIS 6807 (Mar. 26, 1987) ("A court may not by way of a nunc pro tunc entry enter of record that which it intended or might have made but which in fact was not made."). Therefore, we find that there is binding precedent on the proper use of a nunc pro tunc entry, which "is limited to memorializing what the trial court actually did at an earlier point in time." *Scaglione v. Saridakis,* 8th Dist. Cuyahoga No. 91490, 2009-Ohio-4702, ¶ 9.

{¶ 22} Here, none of the judgment entries accurately reflect the counts to which Chislton entered guilty pleas on January 10, 2019, and Chislton did not appear before the trial court to enter or change a plea at any time after January 10, 2019. The error here is plain.

{¶ 23} Third, we must determine whether this plain error affected a substantial right. For an error to affect a substantial right, it must affect the outcome of the proceeding. *Barnes*, 94 Ohio St.3d at 27, 759 N.E.2d 1240. Put another way,

a "showing of plain error requires 'a reasonable *probability* that the error resulted in prejudice.'" (Emphasis sic.) *State v. Myers*, 154 Ohio St.3d 405, 2018-Ohio-1903, 114 N.E.3d 1138, ¶ 130, quoting *State v. Rodgers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 22. "Thus, [a defendant] would have to show 'that the probability of a different result is "sufficient to undermine confidence in the outcome" of the proceeding.'" (Citations omitted.) *Myers* at ¶ 130.

{¶ 24} Pursuant to Crim.R. 11(C)(2), "the court * * * shall not accept a plea of guilty * * * without first addressing the defendant personally[,] [d]etermining that the defendant is making the plea voluntarily, * * *" and informing the defendant of various constitutional rights. The Ohio Supreme Court has noted that "the failure to advise the defendant of his constitutionally mandated rights of trial by jury, right to confront his accusers, and the right to remain silent, renders the plea constitutionally defective." *State v. Ballard*, 66 Ohio St.2d 473, 423 N.E.2d 115 (1981), fn. 8.

{¶ 25} In the instant case, the trial court attempted to modify Chislton's plea and sentence via journal entries outside of his presence. The trial court did not personally address Chislton after the initial plea and sentencing hearings. The court held neither a new plea hearing nor a new sentencing hearing and failed to make the Crim.R. 11(C) determinations or inform Chislton about his constitutional rights as it issued the judgment entries purporting to modify Chislton's pleas and impose sentence based on those modified pleas. The trial court sentenced Chislton to counts to which he did not enter a guilty plea and failed to sentence him to counts to which

he did enter a guilty plea. Ohio courts have held that "a complete failure on a trial court's part to comply with the requirements of Crim.R. 11 is inherently prejudicial * * *." *State v. Stalnaker*, 9th Dist. Summit No. 21449, 2003-Ohio-5789, ¶ 9. Therefore, we find that not only is there a reasonable probability the court's error resulted in prejudice, but the error itself is inherently prejudicial and affected a substantial right.

{¶ 26} Having found plain error, we turn to the second part of our December 30, 2020 sua sponte order and find that the proper disposition is to vacate the following journal entries because they do not accurately reflect what occurred at the January 10, 2019 Plea Hearing: January 12, 2019; February 15, 2019; February 19, 2019; July 20, 2020; and August 5, 2020. *See State v. Jackson*, 151 Ohio St.3d 239, 2017-Ohio-7469, 87 N.E.3d 1227, ¶ 11 (requiring "a full resolution of those counts and specifications for which there were convictions"). *See also State v. Benjamin*, 8th Dist. Cuyahoga No. 108803, 2020-Ohio-3, ¶ 8-9 (vacating the defendant's sentence and convictions and remanding "the case to the trial court for further proceedings consistent with this opinion" because "the trial court did not vacate Benjamin's June 18 guilty plea and it did not accept a new plea in contemplation of the amended charges against him and new range of potential penalties").

{¶ 27} This case is remanded to the trial court for the limited purpose of: a) holding a hearing at which defendant is present and imposing a sentence that comports with Chislton's plea of record from the January 10, 2019 Plea Hearing, or b) holding further proceedings consistent with this opinion.

{¶ 28} Judgment vacated in part and case remanded for proceedings consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

LISA B. FORBES, JUDGE

LARRY A. JONES, SR., P.J., and
MARY EILEEN KILBANE, J., CONCUR