[Cite as *State v. Tye*, 2021-Ohio-2765.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                           :

    Plaintiff-Appellee,          :

                             No. 109879

    v.                           :

DESHAWN D. TYE,                          :

    Defendant-Appellant.         :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:** August 12, 2021

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-15-601956-A

---

## *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Brian Kraft, Assistant Prosecuting Attorney, *for appellee.*

Edward F. Borkowski, Jr., *for appellant.*

LISA B. FORBES, J.:

{¶ 1} Appellant DeShawn Tye ("Tye") appeals his convictions and sentences by the trial court, arguing that his convictions were not supported by sufficient evidence and were against the manifest weight of the evidence. Because the trial court's sentencing entry fails to dispose of all counts of which Tye was convicted,

and because no other journal entry appears in the record resolving all charges against him, no final appealable order exists. We therefore lack jurisdiction to address the merits of Tye's appeal, and we must dismiss it.

## I. The Proceedings Below

{¶ 2} Tye was indicted on 34 counts consisting of, inter alia, attempted murder, felonious assault, aggravated robbery, kidnapping, robbery, having weapons while under disability, and failure to comply. The matter went to trial, and the jury found Tye guilty of six counts of aggravated robbery, one count of kidnapping, one count of failure to comply, four counts of having weapons while under disability, and three counts of robbery (Counts 9, 11, 12, 13, 15, 16, 21, 22, 24, 25, 26, 28, 29, 30, and 32). Tye was sentenced to a total term of incarceration of 19 years.

{¶ 3} With the exception of Count 30, the sentencing entry separately set forth the sentence for each charge and any accompanying specification and also acknowledged which charges merged. With regard to Count 30, the entry did not state a sentence. Instead, it noted that "Count 30 merges with Count 30." Count 30 was not discussed during the sentencing hearing, and there is no other judgment entry referencing Count 30. At oral argument, the parties acknowledged that the statement that Count 30 would merge with Count 30 was likely a clerical error, but there was still no sentence imposed for Count 30. Consequently, Tye was not sentenced on all of the counts for which he was convicted.

## II. Law and Analysis

{¶ 4} A court of appeals is a court of limited jurisdiction. The Ohio Constitution limits appellate jurisdiction to the review of judgments or final orders. Ohio Constitution, Article IV, Section 3(B)(2); *CitiMortgage, Inc. v. Roznowski*, 139 Ohio St.3d 299, 2014-Ohio-1984, 11 N.E.3d 1140, ¶ 10. A final appealable order, as defined by R.C. 2505.02, includes an order that "affects a substantial right in an action that in effect determines the action and prevents a judgment[.]" R.C. 2505.02(B)(1). In a criminal matter, that means the journal entry of sentence must comply with Crim.R. 32(C) and the interpretation of that rule by the Supreme Court of Ohio and this court. *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163. "A judgment of conviction is a final order subject to appeal under R.C. 2505.02 when the judgment entry sets forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk." *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, paragraph one of the syllabus.

{¶ 5} The Supreme Court of Ohio has held that a sentencing entry is final and appealable when it fully resolves all counts "for which there were convictions." *State ex rel. Davis v. Cuyahoga Cty. Court of Common Pleas*, 127 Ohio St.3d 29, 2010-Ohio-4728, 936 N.E.2d 41, ¶ 2. *See also State v. Jackson*, 151 Ohio St.3d 239, 2017-Ohio-7469, 87 N.E.3d 1227, ¶ 11, quoting *Davis* at ¶ 2. Where a count in an indictment is undisposed and remains pending, then an entry that disposes of some,

but not all of the charges, is not a final appealable order.  *State v. Craig*, 159 Ohio St.3d 398, 2020-Ohio-455, 151 N.E.3d 574, ¶ 21.

{¶ 6}  In the instant matter, because there is no disposition for Count 30, the sentencing entry does not constitute a final appealable order, and we are without jurisdiction to address the merits of Tye's appeal.

### III. Conclusion

{¶ 7}  Because Tye was not sentenced on all of the charges for which he was convicted, the sentencing entry is not a final appealable order.  We therefore lack jurisdiction to consider the appeal, and it must be dismissed.

{¶ 8} Accordingly, the appeal is dismissed.

It is ordered that appellee recover of appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

LISA B. FORBES, JUDGE

EILEEN A. GALLAGHER, P.J., and
MICHELLE J. SHEEHAN, J., CONCUR