[Cite as *State v. Aarons*, 2021-Ohio-3671.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                                 No. 110313

    v.                                   :

RICHARD D. AARONS,                      :

    Defendant-Appellant.         :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:** October 14, 2021

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-18-629018-A and CR-19-643581-A

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Glen Ramdhan, Assistant Prosecuting Attorney, *for appellee.*

Joseph V. Pagano, *for appellant.*

EILEEN A. GALLAGHER, J.:

{¶ 1} Defendant-appellant Richard Aarons appeals his sentences after he pled guilty to one count of drug possession in Cuyahoga C.P. No. CR-18-629018-A

("629018") and pled guilty to one count of involuntary manslaughter, one count of failure to comply with the order or signal of a police officer and one count of driving while under the influence of drugs or alcohol in Cuyahoga C.P. No. CR-19-643581-A ("643581").

{¶ 2} For the reasons that follow, we dismiss this appeal.

**Procedural History and Factual Background**

{¶ 3} On June 18, 2018, a Cuyahoga County Grand Jury indicted Aarons on three counts of drug possession with forfeiture specifications in 629018. The charges related to an incident that occurred on or about December 20, 2017.

{¶ 4} On October 11, 2019, a Cuyahoga County Grand Jury indicted Aarons on ten counts in 643581: one count of involuntary manslaughter (Count 1), two counts of aggravated vehicular homicide (Counts 2 and 3), one count of failure to comply with order or signal of police officer (Count 4), one count of tampering with evidence (Count 5), one count of having weapons while under disability (Count 6), one count of receiving stolen property (Count 7), one count of carrying concealed weapons (Count 8), and two counts of driving while under the influence of drugs or alcohol (Counts 9 and 10). The charges arose out of an automobile accident that resulted in the death of Marvin Thorton on August 30, 2019.

{¶ 5} On December 16, 2020, the parties reached a plea agreement. In 629018, Aarons pled guilty to one count of drug possession in violation of R.C. 2925.11(A), a fifth-degree felony, with forfeiture of a scale (Count 1). In 643581, Aarons pled guilty to one count of involuntary manslaughter in violation of R.C.

2903.04(A), a first-degree felony (Count 1), one count of failure to comply with the order or signal of a police officer in violation of R.C. 2921.331(B), a third-degree felony (Count 4), and one count of driving while under the influence of alcohol or drugs, in violation of R.C. 4511.19(A)(1)(a), an unclassified misdemeanor (Count 9). In exchange for his guilty pleas, the remaining counts were nolled. The trial court ordered a presentence investigation report and scheduled the case for sentencing.

{¶ 6} On January 25, 2021, the trial court held a sentencing hearing. At the sentencing hearing, the trial court sentenced Aarons as follows:

> In Case Number 643581, involuntary manslaughter, you're hereby sentenced to a prison term of six years. Under the Reagan Tokes law it will be 6 to 11 years because I'm factoring in two years that are going to run consecutive to the six years on the failure to comply giving you an aggregate sentence of 8 to 11 years.
>
> The eight years is the minimum. As I indicated earlier, that is the amount of time that you are presumed to be released; however, under certain circumstances, the Department of Rehabilitations [sic] and Corrections [sic] may rebut that presumption and impose additional time up to the 11 years.
>
> On the driving while under the influence of alcohol, you will receive credit for time served. I do have to impose the mandatory minimum fine of $150 [sic].
>
> And in Case Number 629018, you're hereby sentenced to a prison term of 12 months. This case will run concurrent to 643581 for a total prison term of 8 to 11 years with credit for 115 days served.
>
> I'm not imposing any other fines. I will waive court costs, but you are responsible for the $850 fine. (Transcript at 87-88.)

The trial court also stated that Aarons would be subject to five years of mandatory postrelease control and explained the consequences of violating postrelease control.

{¶ 7} On January 27, 2021, the trial court issued a sentencing journal entry in 643581 that stated, in relevant part:

> Sentence runs concurrent to sentence in CR 629018. * * * The court imposes a prison sentence at the Lorain Correctional Institution of 8 year(s). The sentence imposed upon defendant is an indefinite sentence under SB 201 – Reagan Tokes Law. The aggregate minimum term imposed by the court is 6 years. The maximum term is 11 years. The court imposes prison terms consecutively * * *. Post release control is part of this prison sentence for 5 years mandatory for the above felony(s) under R.C. 2967.28. * * * Costs waived[.] The defendant is ordered to pay a fine in the sum of $ 850.00.

{¶ 8} On February 24, 2021, Aarons filed a notice of appeal. On April 6, 2021, the trial court issued a "corrected" sentencing journal entry "to reflect sentence per count." This sentencing journal entry stated, in relevant part:

> *Entry is c[o]rrected to reflect sentence per count. * * * Sentence runs concurrent to sentence in CR 629018. * * * The court imposes a prison sentence at the Lorain Correctional Institution of 8 year(s). Count 1: The sentence imposed upon defendant is an indefinite sentence under SB 201 – Reagan Tokes Law. The aggregate minimum term imposed by the court is 6 years. The maximum term is 11 years. Count 4: 2 years. Counts 1 and 4 run consecutive to each other. * * * Post release control is part of this prison sentence for 5 years mandatory for the above felony(s) under R.C. 2967.28. * * * Costs waived[.] The defendant is ordered to pay a fine in the sum of $850.00.

{¶ 9} On April 7, 2021, the trial court issued a second "corrected" sentencing journal entry "to reflect [a] maximum term of 9 years." That sentencing journal entry stated, in relevant part:

> *Entry is corrected to reflect maximum term of 9 years. *Entry is corrected to reflect sentence per count. * * * Sentence runs concurrent to sentence in CR 629018. * * * The court imposes a prison sentence at the Lorain Correctional Institution of 8 year(s). Count 1: The sentence imposed upon defendant is an indefinite sentence under SB 201 – Reagan Tokes Law. The aggregate minimum term imposed by

the court is 6 years.  The maximum term is 9 years.  Count 4: 2 years.
Counts 1 and 4 run consecutive to each other.  * * * Post release control
is part of this prison sentence for 5 years mandatory for the above
felony(s) under R.C. 2967.28. * * * Costs waived[.]  The defendant is
ordered to pay a fine in the sum of $850.00.

{¶ 10}  On June 11, 2021, the trial court issued a third "corrected" sentencing

journal entry "to reflect changes in sentence as to individual counts."   That

sentencing journal entry stated, in relevant part:

> *Entry is corrected to reflect changes in sentence as to individual
> counts. * * * Sentence runs concurrent to sentence in CR 629018. * * *
> The court imposes a prison sentence at the Lorain Correctional
> Institution of 8 year(s).  Count 1: 6 years.  The sentence imposed upon
> defendant is an indefinite sentence under SB 201 – Reagan Tokes Law.
> The aggregate minimum term imposed by the court is 6 years.  The
> maximum term is 9 years.  Count 4: 2 years.  Count 9: Time served.
> Counts 1 and 4 run consecutive to each other and concurrent to
> sentence in Case #CR-629018. * * * Post release control is part of this
> prison sentence for 5 years mandatory for the above felony(s) under
> R.C. 2967.28. * * * Costs waived[.]  The defendant is ordered to pay a
> fine in the sum of $850.00.

{¶ 11}  Aarons raises the following four assignments of error for review:

> Assignment of Error I:  The trial court did not have jurisdiction to
> resentence appellant.

> Assignment of Error II:  Appellant's sentence is invalid because it was
> imposed pursuant to the Reagan Tokes Act Amendments, S.B. 201,
> which violates the United States and Ohio Constitutions.

> Assignment of Error III:  Appellant received ineffective assistance of
> counsel in violation of the Sixth Amendment to the United States
> Constitution and Section 10, Article I of the Ohio Constitution because
> she failed to challenge the constitutionality of the Reagan Tokes Law.

> Assignment of Error IV:  Appellant's sentence is contrary to law and
> outside the proper sentencing range.

{¶ 12} On June 28, 2021, this court ordered, sua sponte, that the record be supplemented to include the "corrected" sentencing journal entries issued by the trial court after Aarons filed his notice of appeal.

**Law and Analysis**

{¶ 13} In his first assignment of error, Aarons argues that the trial court's January 27, 2021 sentencing journal entry was not a final, appealable order because it did not include "a separate sentence * * * for each count of conviction" and that the trial court lacked jurisdiction to issue its subsequent "corrected" sentencing journal entries on April 6, 2021, April 7, 2021 and June 11, 2021 after his notice of appeal had been filed. Aarons requests that we remand the case for a resentencing hearing. The state agrees that the matter should be remanded for a resentencing hearing. Following careful consideration of the record and applicable law, we find that we do not have jurisdiction and, therefore, dismiss this appeal.

{¶ 14} This court's jurisdiction is limited to reviewing judgments and orders that are final. *See* Article IV, Section 3(B)(2), Ohio Constitution; R.C. 2505.02 and 2505.03. If a judgment or order is not final and appealable, then an appellate court has no jurisdiction to review the matter and the appeal must be dismissed. *See, e.g., State v. Tye*, 8th Dist. Cuyahoga No. 109879, 2021-Ohio-2765, ¶ 7. A judgment of conviction is a final order subject to appeal under R.C. 2505.02 when the judgment entry sets forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature and (4) the time stamp indicating the entry upon the journal by the clerk. *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, paragraph

one of the syllabus.  A sentencing journal entry that disposes of some, but not all of the counts of which a defendant is convicted, is not a final, appealable order.  *Tye* at ¶ 5-7, citing *State v. Craig*, 159 Ohio St.3d 398, 2020-Ohio-455, 151 N.E.3d 574, ¶ 21; *see also State v. Jackson*, 151 Ohio St.3d 239, 2017-Ohio-7469, 87 N.E.3d 1227, ¶ 11 ("a valid judgment of conviction requires a full resolution of any counts for which there were convictions"); *State ex rel. Davis v. Cuyahoga Cty. Court of Common Pleas*, 127 Ohio St.3d 29, 2010-Ohio-4728, 936 N.E.2d 41, ¶ 2 (sentencing journal entry is a final, appealable order when it fully resolves all counts for which there were convictions).

{¶ 15} Furthermore, "[a] 'blanket sentence' is not a valid sentence.  A trial court must impose a separate sentence on each count individually."  *State v. Taylor*, 8th Dist. Cuyahoga No. 108029, 2019-Ohio-4352, ¶ 8, citing *State v. Goode*, 8th Dist. Cuyahoga Nos. 106795 and 107436, 2018-Ohio-3594, ¶ 6; *see also State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 9 ("Instead of considering multiple offenses as a whole and imposing one, overarching sentence to encompass the entirety of the offenses * * * a judge sentencing a defendant pursuant to Ohio law must consider each offense individually and impose a separate sentence for each offense."); *State v. Reed*, 8th Dist. Cuyahoga Nos. 108544, 108629, and 108630, 2020-Ohio-1610, ¶ 11 ("Blanket sentences do not present final, appealable orders; there must be a separate sentence for each count."); *State v. Goodson*, 8th Dist. Cuyahoga No. 108973, 2020-Ohio-3723, ¶ 8 (concluding that there was no

final, appealable order because the trial court's sentencing journal entry was not a final judgment of conviction where "it lacked a sentence for each count").

{¶ 16} The trial court's January 27, 2021 sentencing journal entry did not impose separate sentences on each of the counts of which Aarons was convicted. Accordingly, the trial court's January 27, 2021 sentencing entry was not a final judgment of conviction and, therefore, was not a final, appealable order.

{¶ 17} Apparently recognizing the deficiencies in its January 27, 2021 sentencing journal entry, the trial court issued a series of sentencing journal entries, purporting to "correct" its January 27, 2021 sentencing journal entry after Aarons filed his notice of appeal.

{¶ 18} Although a court "speaks through its journal entries," clerical errors may be corrected "in order to conform to the transcript of the proceedings." *State v. Lugo*, 8th Dist. Cuyahoga No. 103893, 2016-Ohio-2647, ¶ 3, citing *State v. Steinke*, 8th Dist. Cuyahoga No. 81785, 2003-Ohio-3527, ¶ 47, and Crim.R. 36. Crim.R. 36 states: "Clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time." A "[c]lerical mistake" is "'"a mistake or omission, mechanical in nature and apparent on the record, which does not involve a legal decision or judgment.'"" *State v. Miller*, 127 Ohio St.3d 407, 2010-Ohio-5705, 940 N.E.2d 924, ¶ 15, quoting *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 19, quoting *State v. Brown*, 136 Ohio App.3d 816, 819-820, 737 N.E.2d 1057 (3d Dist.2000). A nunc pro tunc entry is a means by

which a court can correct a clerical mistake in an order it previously entered that fails to reflect the court's true action. *State v. Chislton*, 8th Dist. Cuyahoga No. 108840, 2021-Ohio-697, ¶ 15.

{¶ 19} Citing *State v. Hearn*, 4th Dist. Washington No. 20CA7, 2021-Ohio-594, Aarons asserts that the trial court lacked jurisdiction to issue its purported nunc pro tunc sentencing journal entries while his appeal was pending without a remand order from this court. We agree.

{¶ 20} "'[O]nce an appeal is perfected, the trial court is divested of jurisdiction over matters that are inconsistent with the reviewing court's jurisdiction to reverse, modify, or affirm the judgment.'" *State ex rel. Electronic Classroom of Tomorrow v. Cuyahoga Cty. Court of Common Pleas*, 129 Ohio St.3d 30, 2011-Ohio-626, 950 N.E.2d 149, ¶ 13, quoting *State ex rel. Rock v. School Emps. Retirement Bd.*, 96 Ohio St.3d 206, 2002-Ohio-3957, 772 N.E.2d 1197, ¶ 8; *see also State v. Washington*, 137 Ohio St.3d 427, 2013-Ohio-4982, 999 N.E.2d 661, ¶ 8 ("'An appeal is perfected upon the filing of a written notice of appeal. * * * Once a case has been appealed, the trial court loses jurisdiction except to take action in aid of the appeal.'"), quoting *In re S.J.*, 106 Ohio St.3d 11, 2005-Ohio-3215, 829 N.E.2d 1207, ¶ 9. This rule applies even where the appellate court ultimately determines that the order appealed from was not a final, appealable order and later dismisses the appeal for lack of jurisdiction. *State ex rel. Elec. Classroom of Tomorrow* at ¶ 15-16. Thus, generally, the timely filing of a notice of appeal precludes a trial court from issuing further orders affecting matters at issue in the appeal. Where a trial

court enters an order without jurisdiction, its order is void and a nullity. *State v. Williamson*, 8th Dist. Cuyahoga Nos. 100563 and 101115, 2014-Ohio-3909, ¶ 18, citing *State v. Abboud*, 8th Dist. Cuyahoga Nos. 87660 and 88078, 2006-Ohio-6587, ¶ 13.

{¶ 21} In *Hearn*, the trial court's original sentencing journal entry sentenced appellant to a blanket term of 14 years with a "maximum possible sentence" of 17 1/2 years, rather than sentencing the appellant to seven years on each of two counts, as imposed at the sentencing hearing. *Hearn*, 2021-Ohio-594, at ¶ 3-4. After the appellant filed his notice of appeal, the trial court issued a series of nunc pro tunc entries attempting to correct the error. *Id.* at ¶ 6-7.

{¶ 22} In considering whether the trial court had jurisdiction to issue the nunc pro tunc entries after the appellant had filed his notice of appeal, the Fourth District noted that "[o]ther Ohio appellate courts have determined that, although Crim.R. 36 permits a nunc pro tunc entry to be filed 'at any time,' a notice of appeal will divest a trial court of jurisdiction to do so." *Id.* at ¶ 11-13 (citing cases from the Second, Third, Sixth, Ninth, Eleventh and Twelfth Districts). *But see State v. Anderson*, 10th Dist. Franklin No. 11AP-236, 2011-Ohio-6667, ¶ 18-21 (trial court had jurisdiction to issue nunc pro tunc entry to correct "clerical error" that did not change appellant's aggregate sentence even after notice of appeal filed); *State v. Wilson*, 2d Dist. Montgomery No. 24352, 2011-Ohio-5990, ¶ 14-17 (trial court's correction of a clerical error while appeal was pending to recognize that defendant's

crime was an aggravated first-degree felony rather than an ordinary first-degree felony was permitted where it "did not interfere with" appellate jurisdiction).

{¶ 23} The Fourth District ultimately held that the trial court's amended sentencing entries were inconsistent with the appellate court's jurisdiction to reverse, modify or affirm the trial court's judgment and were, therefore, "legal nullities." *Hearn* at ¶ 15. We believe a similar conclusion is warranted in this case. S*ee also State v. Ward*, 187 Ohio App.3d 384, 391, 2010-Ohio-1794, 932 N.E.2d 374, ¶ 45 (2d Dist.) (trial court was divested of jurisdiction to issue a nunc pro tunc entry to correct a mistake in its judgment entry that was "assigned as error" on appeal); *State v. Schrader*, 12th Dist. Fayette Nos. CA2019-12-025 and CA2019-12-026, 2020-Ohio-3925*,* ¶ 9 (same); *cf. Johnston Coca-Cola Bottling Co. v. Hamilton Cty. Bd. of Revision*, 149 Ohio St.3d 155, 2017-Ohio-870, 73 N.E.3d 503, ¶ 39 (Board of Tax Appeals lacked jurisdiction to enter a nunc pro tunc order under Ohio Adm.Code 5717-1-20 to correct error in its decision after an appeal had been filed with the Ohio Supreme Court "because allowing the [Board of Tax Appeals] to correct a decision that is on appeal would be inconsistent with this court's authority to review the decision"), citing *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94, 97, 378 N.E.2d 162 (1978), and *State v. Smith*, 2d Dist. Greene No. 2010 CA-63, 2011-Ohio-5986, ¶ 7 ("Although a court generally may issue a nunc pro tunc entry [at] any time, * * * a notice of appeal divests a trial court of jurisdiction to do so.").

{¶ 24} In this case, the trial court's "corrected" April 6, 2021, April 7, 2021 and June 11, 2021 sentencing journal entries directly related to and affected matters assigned as error on appeal and were, therefore, inconsistent with this court's jurisdiction to reverse, modify or affirm the trial court's judgment. Accordingly, the trial court lacked jurisdiction to issue its "corrected" entries while Aarons' appeal was pending and those "corrected" entries are void. *See, e.g., Williamson*, 2014-Ohio-3909, at ¶ 18; *see also Schrader* at ¶ 11 (because trial court lacked jurisdiction to file amended sentencing entries while appeal was pending, trial court's amended sentencing entries had "no legal effect"); *Ward*, 187 Ohio App.3d 384, 391, 2010-Ohio-1794, 932 N.E.2d 374, at ¶ 45 (trial court's nunc pro tunc entry, entered after trial court was divested of jurisdiction to correct error due to pending appeal, was a "nullity").

{¶ 25} Further, even if the trial court retained jurisdiction to issue its "corrected" sentencing journal entries while Aarons' appeal was pending, we would still lack jurisdiction to consider Aarons' appeal because the only one of the trial court's "corrected" sentencing journal entries that included a separate sentence on all three counts — its June 11, 2021 "corrected" sentencing journal entry — was not a proper nunc pro tunc journal entry.

{¶ 26} Proper use of a nunc pro tunc entry is limited to correcting a clerical error in a judgment or order so that the record reflects what the court actually did or decided. *See, e.g., Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, at ¶ 18; *State ex rel. Fogle v. Steiner*, 74 Ohio St.3d 158, 164, 656 N.E.2d 1288 (1995);

*Chislton*, 2021-Ohio-697, at ¶ 21; *State v. Wright*, 8th Dist. Cuyahoga No. 107213, 2019-Ohio-1361, ¶ 18. A nunc pro tunc entry cannot be used to supply omitted action or to indicate what the court might or should have done or intended to do. *See, e.g., State v. Williams,* 8th Dist. Cuyahoga No. 109091, 2020-Ohio-4467, ¶ 28; *State v. Abner*, 8th Dist. Cuyahoga No. 81023, 2002-Ohio-6504, ¶ 22; *see also Chislton*, 2021-Ohio-697, at ¶ 18 ("A nunc pro tunc entry may be used only to reflect what actually happened. A nunc pro tunc entry may not be used to 'change, modify, or correct erroneous judgments.'"), quoting *Wright* at ¶ 18. Thus, while a nunc pro tunc entry can be used to correct a sentencing entry to reflect the sentence the trial court actually imposed upon a defendant at a sentencing hearing, it cannot be used to "resentence" a defendant or to "impose a sanction that the court did not impose as part of the sentence" at the sentencing hearing. *See, e.g., State v. Smith*, 8th Dist. Cuyahoga No. 109963, 2021-Ohio-3099, ¶ 14; *State v. Spears*, 8th Dist. Cuyahoga No. 94089, 2010-Ohio-2229, ¶ 10; *Miller*, 127 Ohio St.3d 407, 2010-Ohio-5705, 940 N.E.2d 924, at ¶ 16; *State v. Kirby*, 9th Dist. Summit No. 27060, 2014-Ohio-5643, ¶ 35. "'When a court exceeds its power in entering a nunc pro tunc order, the resulting nunc pro tunc order is invalid.'" *State v. Walter*, 8th Dist. Cuyahoga No. 104443, 2017-Ohio-466, ¶ 5, quoting *State v. Senz*, 9th Dist. Wayne No. 02CA0016, 2002-Ohio-6464, ¶ 12.

{¶ 27} The trial court's June 11, 2021 sentencing journal entry imposed a six-year sentence on Count 1, imposed a two-year sentence on Count 4, sentenced Aarons to time served on Count 9 and set forth a "maximum" sentence of nine years.

However, that "corrected" sentencing journal entry did not reflect what actually occurred at the sentencing hearing. At the sentencing hearing, the trial court imposed a maximum sentence of 11 years, not nine years. And although the trial court informed Aarons at the sentencing hearing that he would "receive credit" on Count 9 "for time served," the trial court did not, in fact, impose a sentence of time served on Count 9 at the sentencing hearing.[1]

{¶ 28} As stated above, a nunc pro tunc order cannot be used to "correct" a judgment to reflect what the court might have done, should have done or intended to do. Its proper use is limited to implementing what the trial court actually did. "The trial court could not nunc what it did not first tunc." *Williamson*, 2014-Ohio-3909, at ¶ 16.

{¶ 29} Accordingly, the trial court's June 11, 2021 "corrected" sentencing journal entry is invalid and does not give rise to a final judgment of conviction or a final, appealable order. We, therefore, dismiss Aarons' appeal in 643581 for lack of jurisdiction.

{¶ 30} Because Aarons' assignments of error relate exclusively to 643581, we also dismiss his appeal in 629018.

---

[1] We note that the trial court's April 6, 2021 and April 7, 2021 "corrected" sentencing journal entries, likewise, were not proper nunc pro tunc entries because they did not reflect what actually occurred at the sentencing hearing. In addition, although consecutive sentence findings under R.C. 2929.14(C)(4) were not necessary for the imposition of consecutive sentences on Counts 1 and 4 in light of R.C. 2921.331(D), we note that the trial court's original sentencing journal entry and each of its "corrected" sentencing journal entries included consecutive sentence findings under R.C. 2929.14(C)(4) that were not made at the sentencing hearing.

**{¶ 31}** Appeal dismissed.

It is ordered that appellee recover from appellant the costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure

_____
EILEEN A. GALLAGHER, JUDGE

LARRY A. JONES, SR.*, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR

* Judge Larry A. Jones, Sr., concurred in this Journal Entry and Opinion prior to his death on October 7, 2021.

(The Ohio Constitution requires the concurrence of at least two judges when rendering a decision of a court of appeals. Therefore, this announcement of decision is in compliance with constitutional requirements. *See State v. Pembaur* (1982), 69 Ohio St.2d 110.)