[Cite as *State v. Primm*, 2022-Ohio-945.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellant, | : | |
| | | Nos. 110479 and 110480 |
| v. | : | |
| DION R. PRIMM, | : | |
| Defendant-Appellee. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED, VACATED, AND REMANDED
**RELEASED AND JOURNALIZED:** March 24, 2022

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-20-654818-A and CR-20-651405-C

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Daniel T. Van, Assistant Prosecuting
Attorney, *for appellant.*

Cullen Sweeney, Cuyahoga County Public Defender, and
John T. Martin, Assistant Public Defender, *for appellee.*

MARY EILEEN KILBANE, J.:

{¶ 1} The state of Ohio, raising a single assignment of error, appeals from the trial court's sentence imposed on defendant-appellee Dion R. Primm ("Primm") based on the trial court's finding the Reagan Tokes Law unconstitutional and

declining to impose a sentence in accordance with the Reagan Tokes Law. For the following reasons, we reverse, vacate, and remand.

**Factual and Procedural History**

**CR-20-654818**

{¶ 2} On December 14, 2020, in Cuyahoga C.P. No. CR-20-654818-A, a Cuyahoga County Grand Jury indicted Primm on four counts of trafficking in violation of R.C. 2925.03(A)(2), five counts of drug possession in violation of R.C. 2925.11(A), one count of possessing criminal tools in violation of R.C. 2923.24(A), and one count of having weapons while under disability in violation of R.C. 2923.13(A)(3). With the exception of the having weapons while under disability charge, the counts carried various firearm and forfeiture specifications.

{¶ 3} On March 3, 2021, Primm pleaded guilty to four counts of trafficking with various forfeiture specifications and one count of having weapons while under disability. Three of the trafficking counts were felonies of the first degree, and the remaining trafficking count was a felony of the second degree.

{¶ 4} On March 31, 2021, the court sentenced Primm to six years on each trafficking count and two years on the having weapons while under disability count, to be served concurrently, for an aggregate sentence of six years.

**CR-20-651405-C**

{¶ 5} On December 23, 2020, in Cuyahoga C.P. No. CR-20-651405-C, a Cuyahoga County Grand Jury indicted Primm on five counts of trafficking in violation of R.C. 2925.03(A)(2), five counts of drug possession in violation of R.C.

2925.11(A), one count of having weapons while under disability in violation of R.C. 2923.13(A)(3), and one count of possessing criminal tools in violation of R.C. 2923.24(A). With the exception of the having weapons while under disability count, the charges carried various firearm, forfeiture, and major drug offender specifications.

{¶ 6} On March 3, 2021, Primm pleaded guilty to four counts of drug trafficking, a one-year firearm specification, and various forfeiture specifications. Two of the drug trafficking counts were felonies of the first degree and two were felonies of the second degree.

{¶ 7} On March 31, 2021, the court sentenced Primm to three years on each trafficking count, to be served concurrently to each other and consecutively to the one-year firearm specification, for an aggregate sentence of four years. At the sentencing hearing, the court and the assistant prosecuting attorney engaged in a brief discussion regarding the Reagan Tokes Law and the state of various appeals pending before this court on the question of the law's constitutionality. Ultimately, the court stated that it was not going to impose a Reagan Tokes sentence on Primm.

{¶ 8} The state appealed the sentence in both cases, presenting one assignment of error for our review.

**Legal Analysis**

{¶ 9} In its sole assignment of error, the state of Ohio argues that the trial court erred when it found S.B. 201, the Reagan Tokes Law, to be unconstitutional and did not impose an indefinite sentence on Primm pursuant to the law.

**{¶ 10}** The question of whether the Reagan Tokes Law is constitutional was recently decided in this court's en banc opinion in *State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470. There, this court found "that the Reagan Tokes Law, as defined under R.C. 2901.011, is not unconstitutional," and reaffirmed the principles established in *State v. Gamble*, 8th Dist. Cuyahoga No. 109613, 2021-Ohio-1810, *State v. Simmons*, 8th Dist. Cuyahoga No. 109476, 2021-Ohio-939, and *State v. Wilburn*, 8th Dist. Cuyahoga No. 109507, 2021-Ohio-578. *Delvallie* at ¶ 17. Therefore, we find that the trial court was required to impose an indefinite sentence pursuant to S.B. 201 and the failure to do so constitutes error. Primm's sentence, therefore, is vacated, and the case is remanded for the imposition of a sentence pursuant to S.B. 201.

**{¶ 11}** Judgment reversed, vacated, and remanded.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

FRANK DANIEL CELEBREZZE, III, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR

N.B. Judge Mary Eileen Kilbane joined the dissenting opinion by Judge Lisa B. Forbes and the concurring in part and dissenting in part opinion by Judge Anita Laster Mays in *Delvallie* and would have found the Reagan Tokes Law unconstitutional.