[Cite as *State v. Clausing*, 2022-Ohio-1762.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

STATE OF OHIO,                                    :

    Plaintiff-Appellant,              :

                                 No. 110776

    v.                                               :

DENNIS CLAUSING,                              :

    Defendant-Appellee.             :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** VACATED AND REMANDED
**RELEASED AND JOURNALIZED:** May 26, 2022

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-20-654800-A

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Daniel T. Van, Assistant Prosecuting Attorney, *for appellant.*

Cullen Sweeney, Cuyahoga County Public Defender, and John T. Martin, Assistant Public Defender, *for appellee.*

FRANK DANIEL CELEBREZZE, III, P.J.:

{¶ 1} Plaintiff-appellant, the state of Ohio, brings this appeal challenging the trial court's six-year prison sentence for defendant-appellee Dennis Clausing's rape and gross sexual imposition convictions. Specifically, the state argues that the trial

court erred by failing to impose an indefinite sentence pursuant to the Reagan Tokes Law (enacted through S.B. 201). After a thorough review of the record and law, this court vacates the trial court's sentence and remands the matter for resentencing consistent with this opinion.

## I. Factual and Procedural History

{¶ 2} On January 5, 2021, Clausing was charged in a 19-count indictment with various sex offenses involving victim D.L. The indictment alleged that the offenses were committed between June 1, 2019, and August 31, 2019 (Counts 1-7); between June 1, 2020, and August 31, 2020 (Counts 8-18); and on or about August 21, 2020 (Count 19).

{¶ 3} The parties reached a plea agreement. On June 23, 2021, Clausing pled guilty to two counts of rape, felonies of the first degree, in violation of R.C. 2907.02(A)(2) (Counts 1 and 8), and gross sexual imposition, felonies of the third degree, in violation of R.C. 2907.05(A)(4) (Counts 4 and 14). The remaining counts were nolled. The trial court ordered a presentence-investigation report and set the matter for sentencing.

{¶ 4} The trial court held a sentencing hearing on July 28, 2021. The trial court sentenced Clausing to six years in prison: six years on Count 1, three years on Count 4, six years on Count 8, and three years on Count 14. The trial court ordered the counts to run concurrently with one another. The trial court classified Clausing a Tier III sex offender/child offender and reviewed his reporting requirements. The trial court's sentencing entry was journalized on July 28, 2021.

{¶ 5} On August 25, 2021, the state filed the instant appeal challenging the trial court's sentence.

{¶ 6} On September 28, 2021, after the state perfected its appeal, the trial court issued a nunc pro tunc sentencing entry "add[ing] the maximum term of 9 years of incarceration under Reagan Tokes Law." The trial court's September 29, 2021 nunc pro tunc sentencing entry provides, in relevant part, "Reagan Tokes applies for a maximum term of 9 years of incarceration, and the minimum term being 6." The trial court did not specify whether the maximum prison term applied to Counts 1, 8, or both.

{¶ 7} In this appeal, the state assigns one error for review:

I. The trial court erred when it did not impose a sentence under S.B. 201.

## II. Law and Analysis

### A. Transcript

{¶ 8} As noted above, the state did not file a transcript of the trial court's proceedings. As a result, it is unclear if, and to what extent the Reagan Tokes Law was discussed during the change-of-plea and sentencing hearings. Nor is it clear why the trial court failed to impose an indefinite prison sentence under the Reagan Tokes Law at sentencing (i.e., whether the trial court opined that it was unconstitutional, that appellant was not convicted of any qualifying offenses, whether it was merely an oversight, etc.).

> Pursuant to App.R. 9(B), the appellant has a duty to file the transcript from any lower court proceedings to the extent it is necessary for

evaluation of the judgment being appealed. This court has consistently held that "[f]ailure to file the transcript prevents an appellate court from reviewing an appellant's assigned errors. * * * Thus, absent a transcript or alternative record under App.R. 9(C) or (D), we must presume regularity in the proceedings below." *Lakewood v. Collins*, 8th Dist. Cuyahoga No. 102953, 2015-Ohio-4389, ¶ 9. *See also Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980) ("When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings and affirm.").

*Farmer v. Healthcare Bridge*, 8th Dist. Cuyahoga No. 110469, 2021-Ohio-3207, ¶ 6.

{¶ 9} However, in the case sub judice, it is undisputed that the trial court did not impose an indefinite prison sentence, pursuant to Reagan Tokes, during the July 28, 2021 sentencing hearing. The trial court's July 28, 2021 sentencing journal entry, from which this appeal was filed, also did not impose an indefinite Reagan Tokes sentence. It is well-established that a trial court speaks through its journal entries. *See State v. Brooke*, 113 Ohio St.3d 199, 2007-Ohio-1533, 863 N.E.2d 1024, ¶ 47. Accordingly, despite the state's failure to file a transcript, the error raised in this appeal may be considered from the record before us.

## B. Jurisdiction

{¶ 10} The state filed this appeal on August 25, 2021, appealing the trial court's July 28, 2021 sentencing journal entry. The state argues that the trial court was without jurisdiction to subsequently issue the nunc pro tunc sentencing entry on September 28, 2021. After reviewing the record, we agree.

"'[O]nce an appeal is perfected, the trial court is divested of jurisdiction over matters that are inconsistent with the reviewing court's

jurisdiction to reverse, modify, or affirm the judgment.'" *State ex rel. Elec. Classroom of Tomorrow v. Cuyahoga County Court of Common Pleas*, 129 Ohio St.3d 30, 2011-Ohio-626, 950 N.E.2d 149, ¶ 13, quoting *State ex rel. Rock v. Sch. Emples. Ret. Bd.*, 96 Ohio St.3d 206, 2002-Ohio-3957, 772 N.E.2d 1197, ¶ 8; *see also State v. Washington*, 137 Ohio St.3d 427, 2013-Ohio-4982, 999 N.E.2d 661, ¶ 8 ("'An appeal is perfected upon the filing of a written notice of appeal. * * * Once a case has been appealed, the trial court loses jurisdiction except to take action in aid of the appeal.'"), quoting *In re S.J.*, 106 Ohio St.3d 11, 2005-Ohio-3215, 829 N.E.2d 1207, ¶ 9. This rule applies even where the appellate court ultimately determines that the order appealed from was not a final, appealable order and later dismisses the appeal for lack of jurisdiction. *State ex rel. Elec. Classroom of Tomorrow* at ¶ 15-16. Thus, generally, the timely filing of a notice of appeal precludes a trial court from issuing further orders affecting matters at issue in the appeal. Where a trial court enters an order without jurisdiction, its order is void and a nullity. *State v. Williamson*, 8th Dist. Cuyahoga Nos. 100563 and 101115, 2014-Ohio-3909, ¶ 18, citing *State v. Abboud*, 8th Dist. Cuyahoga Nos. 87660 and 88078, 2006-Ohio-6587, ¶ 13.

*State v. Aarons*, 8th Dist. Cuyahoga No. 110313, 2021-Ohio-3671, ¶ 20.

{¶ 11} The trial court's nunc pro tunc sentencing entry in this matter directly related to and affected matters assigned as error on appeal. Therefore, the trial court's nunc pro tunc sentencing entry was inconsistent with this court's jurisdiction to reverse, modify, or affirm the trial court's judgment. *See Aarons* at ¶ 24.

{¶ 12} The trial court lacked jurisdiction to issue the nunc pro tunc sentencing journal entry while the state's appeal was pending. The trial court's nunc pro tunc sentencing entry is void. *See Aarons* at *id.*; *see also State v. Schrader*, 12th Dist. Fayette Nos. CA2019-12-025 and CA2019-12-026, 2020-Ohio-3925, ¶ 11 (because trial court lacked jurisdiction to file amended sentencing entries while appeal was pending, trial court's amended sentencing entries had "no legal effect"); *State v. Ward*, 187 Ohio App.3d 384, 2010-Ohio-1794, 932 N.E.2d 374, ¶ 45 (2d

Dist.) (trial court's nunc pro tunc entry, entered after trial court was divested of jurisdiction to correct error due to pending appeal, was a "nullity").

{¶ 13} Furthermore, the trial court's use of a nunc pro tunc sentencing entry in this case was improper.

> Proper use of a nunc pro tunc entry is limited to correcting a clerical error in a judgment or order so that the record reflects what the court actually did or decided. *See, e.g., Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, at ¶ 18; *State ex rel. Fogle v. Steiner*, 74 Ohio St.3d 158, 164, 656 N.E.2d 1288 (1995); *Chislton*, 2021-Ohio-697, at ¶ 21; *State v. Wright*, 8th Dist. Cuyahoga No. 107213, 2019-Ohio-1361, ¶ 18. A nunc pro tunc entry cannot be used to supply omitted action or to indicate what the court might or should have done or intended to do. *See, e.g., State v. Williams*, 8th Dist. Cuyahoga No. 109091, 2020-Ohio-4467, ¶ 28; *State v. Abner*, 8th Dist. Cuyahoga No. 81023, 2002-Ohio-6504, ¶ 22; *see also Chislton*, 2021-Ohio-697, at ¶ 18 ("A nunc pro tunc entry may be used only to reflect what actually happened. A nunc pro tunc entry may not be used to 'change, modify, or correct erroneous judgments.'"), quoting *Wright* at ¶ 18. Thus, while a nunc pro tunc entry can be used to correct a sentencing entry to reflect the sentence the trial court actually imposed upon a defendant at a sentencing hearing, it cannot be used to "resentence" a defendant or to "impose a sanction that the court did not impose as part of the sentence" at the sentencing hearing. *See, e.g., State v. Smith*, 8th Dist. Cuyahoga No. 109963, 2021-Ohio-3099, ¶ 14; *State v. Spears*, 8th Dist. Cuyahoga No. 94089, 2010-Ohio-2229, ¶ 10; *Miller*, 127 Ohio St. 3d 407, 2010-Ohio-5705, 940 N.E.2d 924, at ¶ 16; *State v. Kirby*, 9th Dist. Summit No. 27060, 2014-Ohio-5643, ¶ 35. "'When a court exceeds its power in entering a nunc pro tunc order, the resulting nunc pro tunc order is invalid.'" *State v. Walter*, 8th Dist. Cuyahoga No. 104443, 2017-Ohio-466, ¶ 5, quoting *State v. Senz*, 9th Dist. Wayne No. 02CA0016, 2002-Ohio-6464, ¶ 12.

*Aarons*, 8th Dist. Cuyahoga No. 110313, 2021-Ohio-3671, at ¶ 26.

{¶ 14} The trial court attempted to use a nunc pro tunc entry to supply omitted action — the imposition of an indefinite sentence under the Reagan Tokes Law. As noted above, it is undisputed that the trial court did not impose an

indefinite prison sentence, pursuant to Reagan Tokes, during the July 28, 2021 sentencing hearing. The trial court's nunc pro tunc sentencing entry did not reflect what actually occurred at the sentencing hearing. As a result, the trial court exceeded its power in entering the nunc pro tunc sentencing entry, and the nunc pro tunc sentencing entry is invalid.

{¶ 15} Based on the foregoing analysis, the trial court's nunc pro tunc sentencing entry is invalid and does not give rise to a final judgment of conviction or a final appealable order.

{¶ 16} The instant appeal was not, however, filed from the trial court's nunc pro tunc sentencing entry. As noted above, the state filed this appeal from the trial court's July 28, 2021 sentencing journal entry, which is a final judgment of conviction and a final appealable order. Accordingly, we will proceed to adjudicate the merits of the state's appeal.

## C. Reagan Tokes Law

{¶ 17} In its sole assignment of error, the state argues that the trial court erred when it failed to impose an indefinite prison sentence pursuant to the Reagan Tokes Law. The record reflects that Clausing's rape convictions on Counts 1 and 8, first-degree felonies in violation of R.C. 2907.02(A)(2), were both qualifying offenses subject to indefinite sentences.

{¶ 18} Clausing, on the other hand, argues that this court's recent en banc decision in *State v. Delvallie*, 2022-Ohio-470, 185 N.E.3d 536 (8th Dist.), was incorrect and that the trial court did not err by failing to impose an indefinite

sentence. In support of this argument, Clausing contends that the Reagan Tokes Law violates the constitutional right to a trial by jury, separation of powers, and due process.

{¶ 19} Pursuant to R.C. 2953.08(B)(2), the state has the right to appeal a sentence if it is contrary to law. A sentence that fails to impose a mandatory provision is contrary to law. *See, e.g., State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 21.

{¶ 20} The Reagan Tokes Law provides that certain first- and second-degree felonies are qualifying offenses subject to an indefinite sentencing scheme. R.C. 2929.14. When imposing prison terms for offenders with qualifying offenses, trial courts are required to impose an indefinite sentence by imposing a stated minimum prison term, as provided in R.C. 2929.14(A)(2)(a), and an accompanying maximum prison term, as provided in R.C. 2929.144(B).

{¶ 21} This court has recently conducted en banc review of the constitutionality of the Reagan Tokes Law. *See Delvallie*, 2022-Ohio-470, 185 N.E.3d 536. In *Delvallie*, this court found "that the Reagan Tokes Law, as defined under R.C. 2901.011, is not unconstitutional" and reaffirmed the principles established in *State v. Gamble*, 2021-Ohio-1810, 173 N.E.3d 132 (8th Dist.), *State v. Simmons*, 2021-Ohio-939, 169 N.E.3d 728 (8th Dist.), and *State v. Wilburn*, 2021-Ohio-578, 168 N.E.3d 873 (8th Dist.). *Delvallie* at ¶ 17. This court overruled the challenges presented by Clausing in this appeal to the constitutionality of the Reagan Tokes Law.

{¶ 22} Although Clausing's rape convictions on Counts 1 and 8 were both qualifying offenses subject to indefinite sentences, the trial court imposed definite six-year prison terms on both counts. Accordingly, we find that the definite sentences imposed by the trial court were contrary to law. *See State v. McCalpine*, 8th Dist. Cuyahoga No. 110665, 2022-Ohio-842, ¶ 6; *State v. Primm*, 8th Dist. Cuyahoga Nos. 110479 and 110480, 2022-Ohio-945, ¶ 10

{¶ 23} The state's sole assignment of error is sustained. The trial court's aggregate six-year prison sentence is vacated, and the matter is remanded to the trial court for resentencing in accordance with S.B. 201.

{¶ 24} Judgment vacated and remanded.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
FRANK DANIEL CELEBREZZE, III, PRESIDING JUDGE

EILEEN T. GALLAGHER, J., and
MARY J. BOYLE, J., CONCUR

N.B. Judge Eileen T. Gallagher joined the dissent by Judge Lisa B. Forbes in *Delvallie* and would have found that R.C. 2967.271(C) and (D) of the Reagan Tokes Law are unconstitutional.