[Cite as *State v. Evans*,
2022-Ohio-2584.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,            :

                         No. 110997

    v.                             :

TIMOTHY EVANS,                          :

    Defendant-Appellant.           :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:** July 28, 2022

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-20-652785-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and John F. Hirschauer, Assistant Prosecuting
Attorney, *for appellee.*

Susan J. Moran, *for appellant.*

EILEEN A. GALLAGHER, P.J.:

{¶ 1} Defendant-appellant Timothy Evans appeals his convictions for involuntary manslaughter and discharge of a firearm on or near prohibited premises following a bench trial. He contends that his convictions were not supported by

sufficient evidence and were against the manifest weight of the evidence and that the trial court failed to properly consider his claim of self-defense, denying him due process and the right to a fair trial. For the reasons that follow, we dismiss this appeal.

**Factual Background and Procedural History**

{¶ 2} On October 9, 2020, a Cuyahoga County Grand Jury indicted Evans on eight counts: one count of aggravated murder in violation of R.C. 2903.01(A) (Count 1), one count of aggravated murder in violation of R.C. 2903.01(C) (Count 2), one count of murder in violation of R.C. 2903.02(B) (Count 3), two counts of felonious assault in violation of R.C. 2903.11(A)(2) (Counts 4 and 6), one count of attempted murder in violation of R.C. 2923.02/2903.02(A) (Count 5), one count of discharge of a firearm on or near prohibited premises that caused serious physical harm to a person in violation of R.C. 2923.162(A)(3) (Count 7) and one count of having a weapon while under a disability in violation of R.C. 2923.13(A)(2) (Count 8). All of the counts included one-year and three-year firearm specifications. The charges related to a July 31, 2020 shooting incident in which a fetus died and her mother was seriously injured. Evans pled not guilty to all charges.

{¶ 3} Evans waived his right to a jury trial, and on October 15, 2021, the case proceeded to a bench trial. At the conclusion of the state's case, Evans made a motion for acquittal pursuant to Crim.R. 29. The trial court granted the motion as to Count 1, in part, deleting the element of prior calculation and design. The trial

court denied the motion as to all other counts. At the conclusion of his case, Evans renewed his Crim.R. 29 motion. Once again, the trial court denied the motion.

{¶ 4} On October 21, 2021, the trial court announced its verdicts. As to Counts 1 and 2, the trial court found Evans guilty of the lesser-included offense of involuntary manslaughter, with one-year and three-year firearm specifications. The trial court also found Evans guilty of discharge of a firearm on or near prohibited premises that caused serious physical harm to a person with one-year and three-year firearm specifications (Count 7) and having weapons while under disability (Count 8, as amended to delete the firearm specifications). The trial court found Evans not guilty on the remaining counts.

{¶ 5} On October 25, 2021, the trial court held the sentencing hearing. At the sentencing hearing, the trial court sentenced Evans as follows:

> [I]t's my duty to impose a sentence. I'm going to do that at this time.
>
> The Court finds as to the involuntarily [sic] manslaughter conviction he'll be sentenced to 3 years on the gun specification to be served prior to and consecutive to his sentence of 3 years on the minimum presumed release date and the maximum 4.5 years under Reagan Tokes. And that is subject to mandatory Post-Release Control * * * which in your case would be anywhere from two to five years, minimum two, max five, but discretionary up to five * * *.
>
> * * *
>
> On the discharge of a firearm across a public highway, the sentence of the Court will be the 3-year gun spec and the 3 to 4.5 years in jail under Reagan Tokes.
>
> Involuntary manslaughter and discharge of firearm will be served concurrently.

Having weapons under disability, I'll sentence you to 24 months, and that will run concurrently with the other two charges that we have right here. * * * Post-Release Control under the weapons disability is discretionary up to two years.

{¶ 6} On October 25, 2021, the trial court issued a sentencing journal entry that stated that Evans had been previously found guilty of involuntary manslaughter (as lesser-included offenses) with one-year and three-year firearm specifications in Counts 1 and 2, murder with one-year and three-year firearm specifications as charged in Count 3, attempted murder with one-year and three-year firearm specifications as charged in Count 5,[1] discharge of firearm on or near prohibited premises with one-year and three-year firearm specifications in Count 7 and having weapons while under disability in Count 8 (as amended). The sentencing journal entry stated that Evans had previously been found not guilty of felonious assault as charged in Counts 4 and 6. With respect to sentencing, the journal entry set forth sentences on Counts 2, 7 and 8 only, stating in relevant part:

The court imposes a prison sentence at the Lorain Correctional Institution of 6 year(s). Defendant advised of Reagan Tokes sentencing. * * * Defendant sentenced to the aggregate minimum sentence of 3 years and a maximum sentence of 4.5 years as to Count 2. Three-year gun specification to be served prior to and consecutive to underlying sentence. * * * As a result of the conviction(s) in this case and the imposition of a prison sentence, and pursuant to R.C. 2967.28(F)(4)(c), the defendant will/may be subject to a period of post-release control of: a mandatory minimum 2 years, up to a maximum of 5 years. * * * Defendant sentenced to the minimum sentence of 3 years and a maximum sentence of 4.5 years as to Count 7. Three-year gun specification to be served prior to and consecutive to underlying

---

[1] As indicated above, the trial court's statements in the October 25, 2021 sentencing journal entry that Evans had been previously found guilty of murder and attempted murder in Counts 3 and 5 were incorrect.

sentence.  Defendant will/may be subject to a period of post-release control of: a mandatory minimum 2 years, up to a maximum of 5 years as to this Count.  Defendant is sentenced to 24 months as to Count 8. The defendant will/may be subject to a period of post-release control of: up to 2 years at the discretion of the Parole Board as to Count 8. Counts 7 and 8 to be served concurrently to Count 2. * * *

{¶ 7}  On November 9, 2021, Evans filed a notice of appeal, raising the following three assignments of error for review:

1.      The trial court erred by denying appellant's motion for acquittal pursuant to Crim.R. 29 when the state failed to submit sufficient evidence for the essential elements of the crimes charged denying the appellant due process.

2.      Appellant's convictions are against the manifest weight of the evidence.

3.      The trial court failed to properly consider Mr. Evans' claim of self-defense denying him due process and the right to a fair trial.

{¶ 8}  On January 28, 2022, the trial court issued a second sentencing journal entry "to clarify verdict and sentencing of defendant."  This sentencing journal entry corrected the trial court's prior journal entry and stated that Evans was found not guilty of murder as charged in Count 3 and not guilty of attempted murder as charged in Count 5.  Once again, with respect to sentencing, the journal entry stated, in relevant part:

The court imposes a prison sentence at the Lorain Correctional Institution of 6 year(s).  Defendant advised of Reagan Tokes sentencing.  * * * Defendant sentenced to the aggregate minimum sentence of 3 years and a maximum sentence of 4.5 years as to Count 2.  Three-year gun specification to be served prior to and consecutive to underlying sentence.  * * * As a result of the conviction(s) in this case and the imposition of a prison sentence, and pursuant to R.C. 2967.28(F)(4)(c), the defendant will/may be subject to a period of post-release control of:  a mandatory minimum 2 years, up to a maximum of

5 years. * * * Defendant sentenced to the minimum sentence of 3 years and a maximum sentence of 4.5 years as to Count 7. Three-year gun specification to be served prior to and consecutive to underlying sentence. Defendant will/may be subject to a period of post-release control of: a mandatory minimum 2 years, up to a maximum of 5 years as to this Count. Defendant is sentenced to 24 months as to Count 8. The defendant will/may be subject to a period of post-release control of: up to 2 years at the discretion of the Parole Board as to Count 8. Counts 7 and 8 to be served concurrently to Count 2. * * *

No sentence was imposed on Count 1.

{¶ 9} On May 17, 2022, this court, sua sponte, issued an order, directing the parties to "show cause that the trial court's sentencing journal entry constitutes a final appealable order per R.C. 2505.02." The court explained:

The transcript demonstrates that the appellant was found guilty of the lesser included offense of involuntary manslaughter (R.C. 2903.04) with regard to count one and count two of the indictment. *See* Tr. 785 - 786. However, the trial court's original sentencing journal entry of 10/25/21, and amended sentencing journal entry of 1/28/22, fail to demonstrate the imposition of any sentence with regard to count 1. In addition, there is no indication that count 1 and count 2 were determined to be allied offenses of similar import for the purpose of sentencing. Briefs to be filed by 5/25/22.

{¶ 10} Neither party filed a brief in response to the court's order. Instead, on May 26, 2022, the trial court issued a third sentencing journal entry, stating that "[a]t the request of the court of appeals, this entry serves to clarify verdict and sentencing of defendant."[2] In its May 26, 2022 sentencing journal entry, the trial court "clarif[ied]" its prior sentencing journal entry, indicating that Counts 1 and 2

---

[2] Although the trial court asserts, in its May 26, 2022 sentencing journal entry, that the order was issued "at the request of the court of appeals," this court made no such request of the trial court.

"merge for sentencing purposes" and then set forth sentences on both Counts 1 and 2. That entry stated, in relevant part:

> The court imposes a prison sentence at the Lorain Correctional Institution of 6 year(s). Defendant advised of Reagan Tokes sentencing. *Counts 1 and 2 merge for sentencing purposes.* * * * *Defendant sentenced to the aggregate minimum sentence of 3 years and a maximum sentence of 4.5 years as to Count 2.* Three-year gun specification to be served prior to and consecutive to underlying sentence. *The court imposes a prison sentence at the Lorain Correctional Institution of the aggregate minimum sentence of 3 years and a maximum sentence of 4.5 years as to Count 1.* * * * As a result of the conviction(s) in this case and the imposition of a prison sentence, and pursuant to R.C. 2967.28(F)(4)(c), the defendant will/may be subject to a period of post-release control of: a mandatory minimum 2 years, up to a maximum of 5 years. * * * Defendant sentenced to the minimum sentence of 3 years and a maximum sentence of 4.5 years as to Count 7. Three-year gun specification to be served prior to and consecutive to underlying sentence. Defendant will/may be subject to a period of post-release control of: a mandatory minimum 2 years, up to a maximum of 5 years as to this Count. Defendant is sentenced to 24 months as to Count 8. The defendant will/may be subject to a period of post-release control of: up to 2 years at the discretion of the Parole Board as to Count 8. *Counts 1, 2, 7 and 8 to be served concurrently.* * * *

(Emphasis added.)

**Law and Analysis**

{¶ 11} As an initial matter, we must first consider whether we have jurisdiction to hear this appeal. Our appellate jurisdiction is limited to reviewing judgments and orders that are final, appealable orders. *See* Article IV, Section 3(B)(2), Ohio Constitution; R.C. 2953.02; 2505.02; 2505.03. This court has a duty to examine, sua sponte, potential deficiencies in jurisdiction. *See, e.g., State v. Goodson*, 8th Dist. Cuyahoga No. 108973, 2020-Ohio-3723, ¶ 7; *Cleveland v. Fano*,

8th Dist. Cuyahoga No. 106135, 2018-Ohio-1407, ¶ 3; *Scheel v. Rock Ohio Caesars Cleveland, L.L.C.*, 8th Dist. Cuyahoga No. 105037, 2017-Ohio-7174, ¶ 7; *Arch Bay Holdings, L.L.C., v. Goler*, 8th Dist. Cuyahoga No. 102455, 2015-Ohio-3036, ¶ 9. If a judgment or order is not final and appealable, then an appellate court has no jurisdiction to review the matter, and the appeal must be dismissed. *See, e.g., State v. Tye*, 8th Dist. Cuyahoga No. 109879, 2021-Ohio-2765, ¶ 7.

{¶ 12} A judgment of conviction is a final order subject to appeal under R.C. 2505.02 when the judgment entry sets forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature and (4) the time stamp indicating the entry upon the journal by the clerk. *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, paragraph one of the syllabus. A sentencing journal entry that disposes of some, but not all of the counts of which a defendant is convicted, is not a final, appealable order. *Tye* at ¶ 5-7, citing *State v. Craig*, 159 Ohio St.3d 398, 2020-Ohio-455, 151 N.E.3d 574, ¶ 21; *see also State v. Jackson*, 151 Ohio St.3d 239, 2017-Ohio-7469, 87 N.E.3d 1227, ¶ 11 ("a valid judgment of conviction requires a full resolution of any counts for which there were convictions"); *State ex rel. Davis v. Cuyahoga County Court of Common Pleas*, 127 Ohio St.3d 29, 2010-Ohio-4728, 936 N.E.2d 41, ¶ 2 (sentencing journal entry is a final, appealable order when it fully resolves all counts for which there were convictions); *Goodson* at ¶ 8 (concluding that there was no final, appealable order because the trial court's sentencing journal entry was not a final judgment of conviction where "it lacked a sentence for each count").

{¶ 13} The trial court's October 25, 2021 sentencing journal entry did not set forth sentences on each of the counts of which Evans was convicted, i.e., no sentence was set forth on Count 1. Accordingly, the trial court's October 25, 2021 sentencing entry was not a final judgment of conviction and, therefore, was not a final, appealable order.

{¶ 14} Apparently recognizing the deficiencies in its October 25, 2021 sentencing journal entry, the trial court purported to correct its October 25, 2021 sentencing journal entry after Evans filed his notice of appeal.

{¶ 15} Although a court "speaks through its journal entries," clerical errors may be corrected "in order to conform to the transcript of the proceedings." *See, e.g., State v. Lugo*, 8th Dist. Cuyahoga No. 103893, 2016-Ohio-2647, ¶ 3, citing *State v. Steinke*, 8th Dist. Cuyahoga No. 81785, 2003-Ohio-3527, ¶ 47; *see also* Crim.R. 36 ("Clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time."). A "[c]lerical mistake" is ""a mistake or omission, mechanical in nature and apparent on the record, which does not involve a legal decision or judgment."" *State v. Miller*, 127 Ohio St.3d 407, 2010-Ohio-5705, 940 N.E.2d 924, ¶ 15, quoting *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 19, quoting *State v. Brown*, 136 Ohio App.3d 816, 819-820, 737 N.E.2d 1057 (3d Dist.2000). A nunc pro tunc entry is a means by which a court can correct a clerical mistake in an order it previously entered that fails to reflect the court's true action. *State v. Chislton*, 8th Dist. Cuyahoga No. 108840, 2021-Ohio-697, ¶ 15.

**{¶ 16}** After careful consideration, we find that we do not have jurisdiction to consider this appeal. Even if the trial court had jurisdiction — in the absence of a remand by this court — to issue its corrected sentencing journal entry while Evans' appeal was pending,[3] the May 26, 2022 sentencing journal entry was not a proper nunc pro tunc order.

**{¶ 17}** As this court explained in *Aarons*:

Proper use of a nunc pro tunc entry is limited to correcting a clerical error in a judgment or order so that the record reflects what the court actually did or decided. *See, e.g., Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, at ¶ 18; *State ex rel. Fogle v. Steiner*, 74 Ohio St.3d 158, 164, 1995-Ohio-278, 656 N.E.2d 1288 (1995); *Chislton*, 2021-Ohio-697, at ¶ 21; *State v. Wright*, 8th Dist. Cuyahoga No. 107213, 2019-Ohio-1361, ¶ 18. A nunc pro tunc entry cannot be used to supply omitted action or to indicate what the court might or should have done or intended to do. *See, e.g., State v. Williams*, 8th Dist. Cuyahoga No. 109091, 2020-Ohio-4467, ¶ 28; *State v. Abner*, 8th Dist. Cuyahoga No. 81023, 2002-Ohio-6504, ¶ 22; *see also Chislton*, 2021-Ohio-697, at ¶ 18 ("A nunc pro tunc entry may be used only to reflect what actually happened. A nunc pro tunc entry may not be used to 'change, modify, or correct erroneous judgments.'"), quoting *Wright* at ¶ 18. Thus, while a nunc pro tunc entry can be used to correct a sentencing entry to reflect the sentence the trial court actually imposed upon a defendant at a sentencing hearing, it cannot be used to "resentence" a defendant or to "impose a sanction that the court did not impose as part of the sentence" at the sentencing hearing. *See, e.g.,*

---

[3] *See, e.g., State v. Clausing,* 8th Dist. Cuyahoga No. 110776, 2022-Ohio-1762, ¶ 10-12, citing *State v. Aarons*, 8th Dist. Cuyahoga No. 110313, 2021-Ohio-3671, ¶ 20, 24 (where trial court's corrected sentencing journal entries directly related to and affected matters assigned as error on appeal and were, therefore, inconsistent with appellate court's jurisdiction to reverse, modify or affirm the trial court's judgment, the trial court lacked jurisdiction to issue its corrected entries while appeal was pending, and those corrected entries were void), *State v. Schrader*, 12th Dist. Fayette Nos. CA2019-12-025 and CA2019-12-026, 2020-Ohio-3925, ¶ 11 (because trial court lacked jurisdiction to file amended sentencing entries while appeal was pending, trial court's amended sentencing entries had "no legal effect"), and *State v. Ward*, 187 Ohio App.3d 384, 2010-Ohio-1794, 932 N.E.2d 374, ¶ 45 (2d Dist.) (trial court's nunc pro tunc entry, entered after trial court was divested of jurisdiction to correct error due to pending appeal, was a "nullity").

*State v. Smith*, 8th Dist. Cuyahoga No. 109963, 2021-Ohio-3099, ¶ 14; *State v. Spears*, 8th Dist. Cuyahoga No. 94089, 2010-Ohio-2229, ¶ 10; *Miller*, 127 Ohio St.3d 407, 2010-Ohio-5705, 940 N.E.2d 924, at ¶ 16; *State v. Kirby*, 9th Dist. Summit No. 27060, 2014-Ohio-5643, ¶ 35. "'When a court exceeds its power in entering a nunc pro tunc order, the resulting nunc pro tunc order is invalid.'" *State v. Walter*, 8th Dist. Cuyahoga No. 104443, 2017-Ohio-466, ¶ 5, quoting *State v. Senz*, 9th Dist. Wayne No. 02CA0016, 2002-Ohio-6464, ¶ 12.

*Aarons*, 2021-Ohio-3671, at ¶ 26.

{¶ 18} The trial court's May 26, 2021 sentencing journal entry states that "Counts 1 and 2 merge for sentencing purposes," imposes sentences on Counts 1 and 2 and states that the sentences on Counts 1 and 2 (and the sentences imposed on all other counts) are to be served concurrently. Imposing sentences on both Counts 1 and 2 is inconsistent with a finding that the two counts merge for sentencing. However, more significantly, the May 26, 2021 sentencing journal entry does not reflect what actually occurred at the sentencing hearing. There is no indication in the transcript from the sentencing hearing that the trial court made a finding at the sentencing hearing that Counts 1 and 2 merged for sentencing. As noted above, at the sentencing hearing, the trial court simply stated: "The Court finds as to the involuntarily [sic] manslaughter conviction he'll be sentenced to 3 years on the gun specification to be served prior to and consecutive to his sentence of 3 years on the minimum presumed release date and the maximum 4.5 years under Reagan Tokes." There is likewise no indication in the record that the state made an election regarding the count on which Evans should be sentenced.

{¶ 19} As stated above, a nunc pro tunc order cannot be used to "correct" a judgment to reflect what the trial court might have done, should have done or intended to do. Its proper use is limited to implementing what the trial court actually did. "The trial court could not nunc what it did not first tunc." *State v. Williamson*, 8th Dist. Cuyahoga Nos. 100563 and 101115, 2014-Ohio-3909, ¶ 16.

{¶ 20} Accordingly, the trial court's May 26, 2022 "clarif[ied]" sentencing journal entry is invalid, and neither the trial court's October 25, 2021 sentencing journal entry nor the trial court's May 26, 2022 sentencing journal entry gives rise to a final judgment of conviction or a final, appealable order. We, therefore, dismiss Evans' appeal for lack of jurisdiction.

{¶ 21} Appeal dismissed.

It is ordered that appellee recover from appellant the costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, PRESIDING JUDGE

MICHELLE J. SHEEHAN, J., and
EILEEN T. GALLAGHER, J., CONCUR