[Cite as *State v. Evans*, 2023-Ohio-4416.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                                No. 112538

    v.                           :

FRANK EVANS,                            :

    Defendant-Appellant.         :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** VACATED AND REMANDED
**RELEASED AND JOURNALIZED:** December 7, 2023

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-22-670364-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, Steven N. Szelagiewicz, Assistant Prosecuting
Attorney, *for appellee.*

Mary Catherine Corrigan, *for appellant.*

MICHAEL JOHN RYAN, J.:

{¶ 1} Defendant-appellant, Frank Evans, appeals from his March 20, 2023 judgment of conviction. The judgment sets forth Evans's plea to one count of rape, a first-degree felony and the imposition of a ten- to 15-year sentence under the

Reagan Tokes Law. After a thorough review of the facts and pertinent law, we vacate and remand.

**Factual and Procedural History**

{¶ 2} The record demonstrates that in 2020, Evans raped his known 13-and-one-half year-old child victim and told her not to tell anyone. The victim kept the rape a secret until family members noticed she was gaining weight and took her for medical treatment; it was discovered at that time that she was pregnant. The victim gave birth at age 14; Evans denied that he had raped her. Testing by the Cuyahoga County Medical Examiner's Office confirmed that Evans is the father of the baby.

{¶ 3} In May 2022, Evans was charged with two counts of rape and one count of endangering children. Evans sought, and was granted, independent testing at the state's expense. The independent testing concluded that Evans is the baby's father. Evans and the state of Ohio entered into plea negotiations, and Evans pleaded guilty to one count of rape, a felony of the first degree. The remaining two counts were dismissed.

{¶ 4} At the plea hearing, Evans's counsel indicated that Evans was "aware of the provisions of Reagan Tokes." Tr. 16. The trial court also informed Evans at the plea hearing that he would be subject to the Reagan Tokes Law at sentencing and informed him of the possible maximum sentence, which included time under the Reagan Tokes Law. Evans indicated that he understood. The matter proceeded to a presentence investigation. During that process, Evans said that the victim sexually assaulted him.

{¶ 5} At sentencing, the court again explained to Evans the Reagan Tokes Law and Evans indicated that he understood. The court also explained its findings under R.C. 2929.11 relative to the overriding principles of felony sentencing and R.C. 2929.12 relative to the seriousness of the crime and recidivism factors. The court stated the following in pronouncing its sentence: "I could impose a prison term of 11 years for a felony of the first degree but I'm going to impose a sentence of ten years." Tr. 65.

{¶ 6} The trial court issued a judgment of conviction on March 8, 2023. The judgment "imposes a prison sentence * * * of 10 years." On March 20, 2013, the trial court issued a nunc pro tunc judgment of conviction which "imposes a minimum prison term of 10 years and a maximum prison term of 15 years." Evans appeals, presenting the following three assignments of error for our review:

I. The trial court's sentence was contrary to law.

II. The trial court erred by using a nunc pro tunc journal entry to sentence appellant to an indefinite prison term.

III. The trial court erred by imposing an unconstitutional sentence pursuant to the Reagan Tokes Act.

**Law and Analysis**

{¶ 7} We first consider Evans's challenge, presented in his third assignment of error, to the Reagan Tokes Law.

{¶ 8} Under the Reagan Tokes Law, qualifying first- and second-degree felonies committed on or after March 22, 2019, are subject to the imposition of indefinite sentences. Evans contends that the Reagan Tokes Law violates his

constitutional right to a trial by jury, the separation-of-powers doctrine, and due process.

{¶ 9} On July 26, 2023, the Ohio Supreme Court issued its decision in *State v. Hacker*, Slip Opinion No. 2023-Ohio-2535, finding the Reagan Tokes Law constitutional and determining the law does not violate the separation-of-powers doctrine, the right to a jury trial, or the right to due process. *Id.* at ¶ 41. The arguments presented in this case do not present novel issues or any new theory challenging the constitutional validity of any aspect of the Reagan Tokes Law left unaddressed by the Ohio Supreme Court's decision in *Hacker*. Accordingly, pursuant to *Hacker*, we overrule Evans's third assignment of error.

{¶ 10} We next consider Evans's second assignment of error, wherein he contends that the trial court's nunc pro tunc judgment was improper. We agree.

{¶ 11} Proper use of a nunc pro tunc entry is limited to correcting a clerical error in a judgment or order so that the record reflects what the court actually did or decided. *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, ¶ 18; *State v. Wright*, 8th Dist. Cuyahoga No. 107213, 2019-Ohio-1361, ¶ 18. A nunc pro tunc entry cannot be used to supply omitted action or to indicate what the court might or should have done or intended to do. *State v. Williams*, 8th Dist. Cuyahoga No. 109091, 2020-Ohio-4467, ¶ 28; *State v. Abner*, 8th Dist. Cuyahoga No. 81023, 2002-Ohio-6504, ¶ 22.

{¶ 12} Thus, while a nunc pro tunc entry can be used to correct a sentencing entry to reflect the sentence the trial court actually imposed upon a defendant at a

sentencing hearing, it cannot be used to "resentence" a defendant or to "impose a sanction that the court did not impose as part of the sentence" at the sentencing hearing. *State v. Smith*, 8th Dist. Cuyahoga No. 109963, 2021-Ohio-3099, ¶ 14; *State v. Miller*, 127 Ohio St.3d 407, 2010-Ohio-5705, 940 N.E.2d 924, ¶ 16. "'When a court exceeds its power in entering a nunc pro tunc order, the resulting nunc pro tunc order is invalid.'" *State v. Walter*, 8th Dist. Cuyahoga No. 104443, 2017-Ohio-466, ¶ 5, quoting *State v. Senz*, 9th Dist. Wayne No. 02CA0016, 2002-Ohio-6464, ¶ 12. Issuing a nunc pro tunc entry to impose an indefinite sentence under the Reagan Tokes Law not imposed at the sentencing hearing is improper. *State v. Clausing*, 8th Dist. Cuyahoga No. 110776, 2022-Ohio-1762, ¶ 14.

{¶ 13} In light of the above, the second assignment of error is sustained. The nunc pro tunc entry is vacated and the matter is remanded for resentencing.

{¶ 14} In light of our disposition of Evans's second assignment of error, his first assignment of error is moot and we decline to consider it. *See* App.R. 12(A)(1)(c).

{¶ 15} The sentence of March 20, 2023 is vacated; case remanded for resentencing.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHAEL JOHN RYAN, JUDGE

EILEEN T. GALLAGHER, P.J., and
EMANUELLA D. GROVES, J., CONCUR